1  DAVID HICKS, A.P.L.C. (CA 053750, NY 2051266)
2  (dhcases@aol.com)
   P.O. Box 562
3  Dunsmuir CA 96025
   Telephone: (510) 595-2000
4  Facsimile:  (530) 239-4301

5  MARINA TRUBITSKY *Pro Hac Vice*
   (marina.trubitsky@lawcontact.com)
6  11 Broadway, Suite 861
   New York, New York 10004
7  Telephone: (212) 732-7707
   Facsimile: (212)732-7708
8

9

10  **UNITED STATES DISTRICT COURT**          Civil Action No. 10-CV-01668 JF
    **NORTHERN DIVISION OF CALIFORNIA**
11  **SAN JOSE DIVISION**

12                                             **FIRST AMENDED CLASS**
    DEVINDA  FERNANDO,  VADIM  TSIGEL,        **ACTION COMPLAINT**
13  MICHAIL ZINGER,   AMY RICKEL, FRED
    RICKEL, IRA GILMAN, LACY REINTSMA,
14  and SHAUL BEHR on behalf of themselves    **DEMAND FOR JURY TRIAL**
    and all others similarly situated and on behalf of
15  the general public of the United States,

16                    Plaintiffs,

17                    -against-

18  PAYPAL, INC., a Delaware corporation

19                    Defendant.

20

21       PLAINTIFFS DEVINDA FERNANDO, VADIM TSIGEL, MICHAIL ZINGER, AMY

22  RICKEL, FRED RICKEL, IRA GILMAN,  LACY REINTSMA, SHAUL BEHR and members of

23  their class (hereinafter collectively as "Plaintiffs" and individually as "Plaintiff Fernando",

24  "Plaintiff Tsigel", "Plaintiff Zinger", "Plaintiff Amy Rickel", "Plaintiff Fred Rickel", "Plaintiff

25  Ira Gilman", "Plaintiff Reintsma", and "Plaintiff Behr" respectively) complaining of the

26  Defendant PAYPAL INC. (hereinafter "Defendant PayPal"), by their attorneys Marina Trubitsky

27  and Associates, PLLC, based on their individual experiences and the investigation of their

28

1

counsel, and upon information and belief, respectfully show to this Court and allege on behalf of the proposed Plaintiff Class defined herein, and on behalf of the general public, as follows:

## I. NATURE OF THIS ACTION

1.      This is an action for damages in excess of $75,000.00, exclusive of costs, interest, and attorney's fees.  This is an action for preliminary and permanent injunctive relief, based on activities constituting violation of:

a.      Electronic Funds Transfer Act ("EFTA");

b.      Section III of Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002); and

## II. PARTIES

### A. PLAINTIFFS

2.      Plaintiff Fernando is an individual eBay auction seller and buyer.  Plaintiff Fernando is also an individual PayPal account holder.  Plaintiff Fernando utilized his PayPal account primarily for personal purposes. Plaintiff Fernando is a consumer of PayPal's transactional services.  Plaintiff Fernando resides at 125 5th Avenue, Apt. 9E, Pelham, New York 10803.   At all relevant times, Plaintiff Fernando bought and sold a variety of items within the online auctions market.

3.      Plaintiff Tsigel is an individual eBay auction seller and buyer.  Plaintiff Tsigel is also an individual PayPal account holder.  Plaintiff Tsigel utilized his PayPal account primarily for personal  purposes. Plaintiff Tsigel is a consumer of PayPal's transactional services. At all times relevant hereto, Plaintiff Tsigel resided at 2432 East 28th Street, Brooklyn, New York 11235. At all relevant times, Plaintiff Tsigel bought and sold a variety of items within the online auctions market.

4.      Plaintiff Zinger is an individual eBay auction seller and buyer.  Plaintiff Zinger is also an individual PayPal account holder.  Plaintiff Zinger utilized his PayPal account primarily for family purposes. Plaintiff Zinger is a consumer of PayPal's transactional services. Plaintiff Zinger's mailing address is P.O. Box 900, New York, New York 10272. At all relevant times, Plaintiff Zinger bought and sold a variety of items within the online auctions market which were mainly relating to antiques.

5.      Plaintiff Amy Rickel was an individual PayPal account holder.  She resides at N1510 Geneva Ave Lake Geneva, WI 53147. Plaintiff Amy Rickel utilized her PayPal account primarily for household purposes.  Plaintiff Amy Rickel is a consumer of PayPal's transactional services. At all relevant times, Plaintiff Amy Rickel was buying and selling various items within the online auctions market.

6.      Plaintiff Fred Rickel is Plaintiff Amy Rickel's husband.  Plaintiff Fred Rickel was an individual PayPal account holder.  Plaintiff Fred Rickel utilized his PayPal account primarily for household purposes.  Plaintiff Frd Rickel is a consumer of PayPal's transactional services. He resides at N1510 Geneva Ave Lake Geneva, WI 53147. At all relevant times, Plaintiff Fred Rickel sold neckties within the online auctions market.

7.      Plaintiff Gilman is an individual PayPal account holder.  Plaintiff Gilman utilized his PayPal account primarily for personal purposes.  Plaintiff Gilman is a consumer of PayPal's transactional services. At all relevant times, Plaintiff Gilman bought and sold various items within the online auctions market.

8.      Plaintiff Reintsma is an individual PayPal account holder. Plaintiff Reinstsma utilized her PayPal account primarily for family purposes.  Plaintiff Reintsma is a consumer of PayPal's transactional services. At all relevant times, Plaintiff Reintsma bought and sold various items within the online auctions market.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.      Plaintiff Shaul Behr is the chairman of Kehillas Shivtei Yeshurun, a Jewish community center in Beit Shemesh, Israel. Plaintiff Behr is a consumer of PayPal's transactional services. He divides his time between the United States and Israel.  At all relevant times, Plaintiff Shaul Behr sought to utilize Defendant PayPal's online transaction system for collecting donations for his community center.

**B. DEFENDANT PAYPAL**

10.      Defendant PayPal, upon information and belief, was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and has its primary place of business at 2211 N First Street, San Jose, California 95131-2021.  It is a wholly-owned subsidiary of eBay Inc.

11.      Defendant PayPal is utilized as eBay's in-house payment transmitter.   This utilization by eBay makes Defendant PayPal a widely popular payment transmitter in the cyber marketplace.  Defendant PayPal's payment system employs the existing financial infrastructure of bank accounts and credit cards, but permits individuals and businesses (particularly small businesses) to send and receive online payments using only PayPal as an intermediary.

12.      Upon information and belief, Defendant PayPal does business throughout the world through its website www.PayPal.com including more than isolated business in the State of California and has committed tortuous acts within this state.

### III. JURISDICTION

13.      Jurisdiction: This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2) and (d)(6), commonly known as the "Class Action Fairness Act", or "CAFA", because there is diversity of citizenship, there are in excess of one hundred putative class members, and the claims of individual class members, in the aggregate, exceed the jurisdictional minimum of $5,000,000.00 ("five million dollars"), exclusive of interest and costs. This Court also has

PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO.  10-CV-01668 JF

diversity jurisdiction over this action pursuant to 28 U.S.C. § 1441 and has personal jurisdiction over Defendant PayPal due to the fact that PayPal does more than nominal business in and has sufficient "minimum contacts" with the State of California, and pursuant to 28 U.S.C. § 1337 in that it involves a federal question as the Electronic Funds Transfer Act.

## IV. VENUE

14.     Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1392(b) in that the substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in or emanated from this District.  In addition, Defendant PayPal continues to conduct regular business with consumers in this District.

15.     Moreover, the harm that was caused by Defendant PayPal activities occurred in the State of California and elsewhere. Further, the alleged violations of the Electronic Funds Transfer Act as well as the Combs Settlement have injured Plaintiffs and the members of their class in the pursuit of their trade, profession, and occupation in the State of California and elsewhere.

16.     Finally the venue of this action is proper under 15 U.S.C. § 1314 in that Defendant PayPal transacted business in the State of California.

## V. DEFENDANT PAYPAL'S OPERATIONS

**Defendant PayPal's Operation**

17.     Defendant PayPal is an online payment system providing eCommerce services.  It is a wholly-owned subsidiary of eBay.  Defendant PayPal has over 12 million registered users, including more than 2.2 million business accounts.  Defendant PayPal states that it is "the leading payment network for on-line auction websites, including eBay" and that its account base grows by an average of 18,000 accounts per day.  Business or consumer clients with a valid e-mail address can send and receive online payments via Defendant's system.  Defendant represents that said clients can accept or send money "securely, conveniently and cost effectively" and can "send

payments for free." Said clients can transfer money to a recipient by entering an email address of the recipient, the payment amount, and funding source (credit card, bank account, or PayPal account). If recipient does not have a PayPal account, said recipient receives email notification to open an account with Defendant and gains access to the payment. From such transactions, Defendant generates revenues through transaction fees and interest derived from holding clients' funds.

**Defendant PayPal's Telephone Abuse of Clients**

18.     Notwithstanding the *Comb v. PayPal*, Inc., 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement, Defendant PayPal continues to violate the Electronic Funds Transfer Act, Defendant's own User Agreement, and said settlement.

19.     Defendant PayPal is understaffed. It is thus unable to respond to the demands of its abundant customer base. To manage this issue, Defendant developed a scheme where it placed artificially created barriers between itself and its clients resulting in a lack of access to quality customer service. The Better Business Bureau pulled Defendant's seal of approval in 2001 because Defendant had a backlog of more than 100,000 unanswered complaints.

20.     As part of Defendant PayPal's scheme to create artificial barriers between itself and its clients, Defendant intentionally makes its customer service phone numbers difficult to find. Therefore, clients would be deterred from calling and seeking help. Defendant's customers were forced to created websites that dispense Defendant's headquarter and customer service phone numbers.

21.     Once Defendant PayPal's clients actually do locate a customer service number to report a complaint or issue, clients have to call multiple times to speak to a live person rather than a machine. Defendant's staff places them on hold for excessively long periods of time. Further, Defendant's representatives transfer clients from one representative to another, forcing the client

6

to begin his or her story anew.  Defendant's clients have often complained that Defendant PayPal's representatives are rude and combative, that they refuse to answer specific questions, and that they hang up in the middle of calls.  Defendant's representatives provide responses that are "canned" and thus not helpful or specific to the problem the particular client is calling about. Said representatives have been known to provide non-operational facsimile numbers, require clients to repeatedly fax the same information and then claim that it was never received, and refuse clients access to managers or other authority figures.

**Defendant PayPal's Electronic Abuse of Clients**

22.    Defendant PayPal's position is that clients should report their issues via email and not telephonically, thus making issue processing quicker and less expensive for Defendant. However, clients have complained that Defendant is not responsive to email inquiries. Specifically, clients complain that Defendant fails to respond to email inquiries in a timely fashion and that responses are form-letter format which is not responsive to the specific issues raised by the client and which do not provide a phone number or address so that consumers may follow up by phone or direct mail, if necessary.

**Defendant PayPal's Illegal Account Tampering and Investigation Practices In Violation of the Electronic Funds Transfer Act and Injunctive Relief Portion of Combs v. PayPal, Inc., 218 F. Supp. 2d 1165 (N.D.Cal. 2002)**

23.    Defendant PayPal's clients complain that while Defendant conducts investigations concerning erroneous transactions, Defendant refuses to provide any details or explanation concerning the nature of the investigation or its findings, and refuses to allow the customer to appeal the results of the investigation.  Customers who send inquiries by regular mail complain that their letters go unanswered.

24.    Further, Defendant PayPal, without notice or warning to its clients, erroneously and unnecessarily restricts, freezes or closes customer accounts because of "suspicious activity."

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF**

Defendant then fails to provide any details or explanations concerning the so-called "suspicious activity" and ignores clients' requests to do so. This directly violates the Electronic Funds Transfer Act as well as Section III C(3) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement, which states that "PayPal will respond within five business days to a customer's first request for information in connection with an account limitation…PayPal will provide the customer with copies of documents it relied on in making its decision to limit access to the customer's account."

25.     Defendant PayPal does not allow affected clients to cancel their account and recover their money.  Defendant states that restricted or frozen accounts cannot be cancelled. This directly violates the Electronic Funds Transfer Act as well as Section III C(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.,* 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement which states that "PayPal will make any funds remaining in a limited account available to customers within 180 days after the account's access is limited."

26.     Clients whose accounts are frozen or restricted have to provide private personal and financial information to Defendant, as well as complete and notarized affidavits.  Thus, it is exceedingly difficult for clients to recover their money from Defendant.  This directly violates Section III C(5) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement which states that "PayPal will not request documents from a customer in connection with an account limitation for the purpose of deterring a customer from asserting his or her rights under the EFTA."

27.     Defendant PayPal profits from above described practices. Defendant generates interest on clients' money while holding it.  Thus, the longer a client's account is restricted or frozen, the more interest Defendant can make on the client's assets. Further, many clients give up

8

1   trying to recover their money and thus Defendant PayPal can make interest on that amount

2   indefinitely while the affected clients continue to suffer economic losses.

3                              **VI. PLAINTIFFS' EXPERIENCES**

4   **A. DEVINDA FERNANDO**

5

6        28.      Plaintiff Fernando opened an account with Defendant PayPal on or about October

7   15, 1999.

8   A1. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion
    of Settlement

9

10       29.      The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*,

11   218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of

12   the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error

13   Resolution Policy' section of the User Agreement at least once per calendar year."

14       30.      From Plaintiff Fernando's date of registration with Defendant PayPal and until

15   now, Defendant PayPal has not provided Plaintiff Fernando with an annual notice of the EFTA's

16   error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error

17

18   Resolution Policy" section of the PayPal User Agreement.

19       31.      As Defendant PayPal failed to provide Plaintiff Fernando with annual notice of

20   EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the

21
     Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002)
22
     settlement.
23

24   A2. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion
     of Settlement
25

26       32.      Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218

27   F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic

28

                                                    9

statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

33.    As Defendant PayPal failed to provide Plaintiff Fernando with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of the   Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 （N.D.Cal. 2002) settlement.

A3. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

34.    Plaintiff Fernando purchased a professional camera through eBay's auction on June 11, 2008.  Plaintiff paid the camera's seller $3,120.00 through Plaintiff's PayPal account. Plaintiff finally received a box from said seller, on or about July 11, 2008.  Unfortunately, that box contained a camera that was in a state of disrepair and was not even the same model as ordered by Plaintiff.

35.    Plaintiff Fernando called Defendant PayPal's customer service phone number on or about July 12, 2008.  Plaintiff provided Defendant's representative with (i) information sufficient to enable Defendant to identify the name and PayPal account of the Plaintiff, (ii) an indication that an error has occurred in connection with the Plaintiff's account and the amount of such error, and (iii) reasons for Plaintiff's belief that an error has occurred.  Thus, Plaintiff gave Defendant a valid oral notice of error for the purposes of EFTA (15 U.S.C. 1693f(a)) and Section III B(1) of Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc*., 218 F.Supp.2d 1165 (N.D.Cal. 2002)

36.     Defendant PayPal's representative assisted Plaintiff in opening a dispute and escalating it to a claim. Said representative then informed Plaintiff that $3,120.00 had been successfully held by Defendant pending the investigation.

37.     Plaintiff Fernando received an email from Defendant PayPal, stating that Plaintiff has prevailed in the investigation, on or about July 23, 2008.  However, said email stated that $2,000.00, not $3,120.00, would be refunded to Plaintiff's account.

38.     Plaintiff Fernando called Defendant PayPal's customer service phone number to resolve this amount discrepancy. Defendant's representative informed Plaintiff that camera seller's PayPal account lacked sufficient funds to reimburse Plaintiff.  However, because said seller's account was a "PayPal Confirmed Account" Plaintiff was entitled to $2,000.00 of buyer's insurance.

39.     Subsequently, Plaintiff Fernando received an email from Defendant PayPal stating that Plaintiff shall receive $200.00 as it is the maximum amount refundable under Defendant's default buyer insurance policy. Plaintiff called Defendant's customer service phone number to resolve this issue and ask for the $3,120.00 that Defendant has originally held pending the investigation on or about August 7, 2008.  Defendant's representative told Plaintiff that Plaintiff shall not receive more than $200.00 of the default buyer's insurance.

40.     To date, Defendant PayPal has failed to pay Plaintiff Fernando any money, even the $200.00. This constituted an incorrect transfer of funds because Defendant PayPal unlawfully prevented Plaintiff from getting the funds which were due to him.

41.     Section 1693(f)(c) of the Electronic Funds Transfer Act states that within ten business days from the date when a customer notifies a financial institution that an error occurs, said financial institution shall provisionally re-credit the consumer's account for the amount alleged to be in error.   Here, Defendant PayPal failed to provisionally credit Plaintiff's account

11

within ten days after being notified of an error.  Defendant has failed to transfer any money whatsoever to Plaintiff.

42.       The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error." Here, Defendant PayPal failed to provisionally credit Plaintiff's account within ten days after being notified of an error.  Defendant has failed to transfer any money whatsoever to Plaintiff.  Thus, Defendant violated Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement

43.       Section 1693(f)(b) of the Electronic Funds Transfer Act also states that if the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error.  Here, Defendant PayPal acknowledged that Plaintiff Fernando reported a valid issue and that Plaintiff won the dispute.  However, the error in payment was not corrected and no interest was credited.  Plaintiff received no compensation whatsoever and thus Defendant was unjustly enriched.

44.       The Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation."  Here, Defendant PayPal acknowledged that Plaintiff Fernando reported a valid issue and that Plaintiff won the dispute.  However, the error in payment was not corrected and no interest was credited.  Plaintiff received no compensation whatsoever and thus Defendant was

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF**

unjustly enriched.  Thus, Defendant violated Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

**B. VADIM TSIGEL'S $1,800 TRANSACTION**

45.     Plaintiff Tsigel opened a PayPal account with Defendant PayPal approximately five years ago.

B1. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of Settlement

46.     The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error Resolution Policy' section of the User Agreement at least once per calendar year."

47.     From Plaintiff Tsigel's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Tsigel with an annual notice of the EFTA error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the PayPal User Agreement.

48.     As Defendant PayPal failed to provide Plaintiff Tsigel with annual notice of EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.,* 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

B2. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion of Settlement

49.     Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal*, *Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such

13

notice via a link embedded in an email addressed to the primary email address listed on the customer' account."

50.       From Plaintiff Tsigel's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Tsigel with a periodic statement  pursuant to EFTA (15 U.S.C. 1693d(c)). As Defendant PayPal failed to provide Plaintiff Tsigel with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of the   Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

B3. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

51.       Plaintiff Tsigel, utilizing his PayPal account, purchased four separate Apple iPhones on eBay from a single seller for a total of $1,800.00 on June 13, 2008.  Plaintiff then utilized Defendant PayPal's option to combine multiple purchases from a single seller into one large purchase.

52.       Plaintiff Tsigel initiated a dispute with Defendant PayPal against the iPhone seller on June 26, 2008 because no iPhones were delivered to Plaintiff. Plaintiff received an email from Defendant stating that a dispute has been opened, that Plaintiff was communicating with the seller rather than Defendant, and that Plaintiff was not to reply to this email as the mailbox is not monitored. Said email did not contain a customer service phone number, email address, or other alternative means for obtaining assistance from Defendant.

53.       In addition, Defendant PayPal then put a hold on the $1,800.00 payment, making these funds unavailable to both Plaintiff and seller.  Thus Plaintiff' s account was limited.

54.       Plaintiff Tsigel, having found Defendant PayPal's customer service number on his own, called Defendant on June 28, 2008. Plaintiff provided Defendant's representative with (i)

**PLAINTIFFS' FIRST AMENDED COMPLAINT CASE NO. 10-CV-01668 JF**

1
2
3
4
5
6
7

information sufficient to enable Defendant to identify the name and PayPal account of the Plaintiff, (ii) an indication that an error has occurred in connection with the Plaintiff's account and the amount of such error, and (iii) reasons for Plaintiff's belief that an error has occurred.  Thus, Plaintiff gave Defendant a valid oral notice of error for the purposes of EFTA (15 U.S.C. 1693f(a)) and Section III B(1) of Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.,* 218 F.Supp.2d 1165 (N.D.Cal. 2002)

8
9
10
11

55.     Defendant PayPal's representative instructed Plaintiff Tsigel how to escalate his dispute to the status of the claim.  Plaintiff received an email from Defendant confirming that his dispute was escalated to a claim.  Said email once again did not provide any customer service phone number, email address or other alternative means for obtaining assistance from Defendant.

12
13
14
15
16
17
18
19
20

56.     Defendant PayPal credited Plaintiff Tsigel's account for $800.00 on July 10, 2008, but did not notify the Plaintiff that they have done so.  Because Defendant PayPal did not notify Plaintiff of this transaction upon his account and further because the transaction was not for the original amount held by Defendant but for a lesser amount this is a clear error on the part of Defendant as defined by Section I D(ii) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement ("an incorrect electronic fund transfer to or from a customer's PayPal account").

21
22
23
24
25
26
27
28

57.     On July 11, 2008, Plaintiff received an email explanation of the transfer from Defendant.  Said email stated that Plaintiff won his claim and that $800.00 were returned to Plaintiff because the seller's account lacked further funds.  No explanation was offered as to the $1,800.00 which Defendant held.  No interest was credited to Plaintiff.  Due to such conduct, Defendant PayPal's actions are in direct violation of 15 U.S.C.S. § 1693f(b).  Further, this conduct directly violates Section III C(3) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.,* 218 F. Supp.2d 1165 (N.D.Cal. 2002) settlement, which states that "PayPal will respond within five

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF**

business days to a customer's first request for information in connection with an account limitation." Here, Defendant PayPal responded to Plaintiff only after 14 days from Plaintiff's request for information as to the reason that his account was limited.

58.     The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error." Here, Defendant PayPal failed to provisionally credit Plaintiff's account within ten days after being notified of an error.  Plaintiff was credited an improper amount only after 14 days from the initiation of the investigation. Thus, Defendant violated Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

59.     Plaintiff Tsigel contacted Defendant PayPal numerous times between July 11, 2008 and July 31, 2008 regarding the $1,000.00 still owed to him. None of Plaintiff's calls brought any resolution because Defendant's representatives were inconsiderate, uncooperative and unhelpful.

60.     Plaintiff Tsigel received an email from Defendant PayPal on August 8, 2008 in which Defendant informed Plaintiff of their resolution of his claim.  The email stated that when Plaintiff initiated his PayPal Buyer Protection Tier 200 Dispute on June 26, 2008, Defendant put a hold on the item, making the funds ($1,800.00) unavailable to both Plaintiff and seller.  The same email later contradicts itself and states that Defendant attempted to recover $1800.00 from the seller's account.  Defendant was unable to do so due to inadequate funds in the seller's account. The email goes on to state that since each of the four iPhones had a PayPal Buyer Protection policy of $200 each, Plaintiff has been credited with $800.00. This constituted an incorrect transfer of funds because Defendant PayPal should have transferred $1,800 back to Plaintiff.

61.     Email goes on to say that Defendant is attempting to recover the $1,000.00 still owed to Plaintiff and Plaintiff will be notified by email once the recovery is successful.

62.     Section 1693(f)(b) of the Electronic Funds Transfer Act also states that if the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error.   Here, Defendant PayPal acknowledged that Plaintiff Tsigel reported a valid issue.  However, the error in payment was not corrected and no interest was credited.  Plaintiff received no compensation whatsoever and thus Defendant was unjustly enriched.  Thus, Defendant violated Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

63.     The Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investivation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation."  Here, Defendant PayPal acknowledged that Plaintiff Tsigel reported a valid issue.  However, the error in payment was not corrected and no interest was credited.  Plaintiff received no compensation whatsoever and thus Defendant was unjustly enriched.  Thus, Defendant violated Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

64.     Further, Defendant PayPal is unjustly enriched by profiting from the interest accrued on Plaintiff Tsigel's $1,800.00 which Defendant had on hold. Also, Defendant is unjustly enriched by receiving interest from the remaining $1,000.00 still owed to Plaintiff and by refusing to return said amount to Plaintiff.

## C. VADIM TSIGEL'S $835.00 TRANSACTION

C1. Defendant PayPal's Failure to Comply with Section III B (7) of the Injunctive Relief Portion of Settlement, Violation of Electronic Funds Transfer Ace, and Unjust Enrichment

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

65.     Plaintiff Tsigel was involved in another dispute with a seller to whom Plaintiff paid $850 via Plaintiff's PayPal account.   Plaintiff opened a complaint with Defendant PayPal regarding this dispute. Plaintiff provided Defendant's representative with (i) information sufficient to enable Defendant to identify the name and PayPal account of the Plaintiff, (ii) an indication that an error has occurred in connection with the Plaintiff's account and the amount of such error, and (iii) reasons for Plaintiff's belief that an error has occurred.  Thus, Plaintiff gave Defendant a valid oral notice of error for the purposes of EFTA (15 U.S.C. 1693f(a)) and Section III B(1) of Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002)

66.     Plaintiff Tsigel was notified by Defendant PayPal on July 8, 2008 that the above mentioned complaint was resolved in Plaintiff's favor for $835.00 via Defendant's Item Not as Described resolution process.  In violation of 15 U.S.C.S. § 1693f(b), no monies were accredited to Plaintiff's account at the time of receiving this notice from Defendant PayPal.

67.     Plaintiff Tsigel did not receive any monies promised him by Defendant PayPal until twenty-four days after receiving notification from Defendant PayPal that Plaintiff Tsigel had won his claim regarding his $835.00.

68.     Defendant PayPal credited $200.00 back to Plaintiff Tsigel's account on August 1, 2008 without informing Plaintiff that they have done so or which claim this credit was in reference to.  Because Defendant PayPal did not notify Plaintiff of this transaction upon his account and further because the transaction was not for the original amount held by Defendant but for a lesser amount, this conduct by Defendant is a clear error on the part of Defendant as defined by Section I D(ii) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement ("an incorrect electronic fund transfer to or from a customer's PayPal account").

69. Defendant PayPal sent Plaintiff Tsigel an email on August 8, 2008 explaining that Not as Described claim which Plaintiff had won is now being completely refunded. Said email stated that Plaintiff had received a partial refund of $200.00 because there were no more funds in the seller's account. Said email also stated that the remaining $635.00 are being refunded to Plaintiff at this time. This constituted an incorrect transfer of funds because Defendant PayPal should have transferred $835.00 back to Plaintiff.

70. The Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation." Here, Defendant PayPal acknowledged that Plaintiff Tsigel reported a valid issue and won his claim. However, the error in payment was not corrected and no interest was credited. It took Defendant PayPal an additional seven days to refund the remaining amount and notify Plaintiff Tsigel and to send him notification as to what the refund was for and why Defendant PayPal had refunded both the $635.00 and the $200.00 on August 1, 2008.

71. Plaintiff was not duly compensated as required by the Injunctive Relief agreement and thus Defendant was unjustly enriched. Thus, Defendant violated Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

## D. MICHAEL ZINGER

72. Plaintiff Zinger opened an account with Defendant PayPal on or about 2005.

D1. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of Settlement

73. The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of

the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error Resolution Policy' section of the User Agreement at least once per calendar year."

74.    From Plaintiff Zinger's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Zinger with an annual notice of the EFTA's error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the PayPal User Agreement.

75.    As Defendant PayPal failed to provide Plaintiff Zinger with annual notice of EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc*., 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

D2. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion of Settlement

76.    From Plaintiff Zinger's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Zinger with a periodic statement  pursuant to EFTA (15 U.S.C. 1693d(c)).

77.    Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

78.    As Defendant PayPal failed to provide Plaintiff Zinger with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of

the  Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 （N.D.Cal. 2002)

settlement.

<u>D3. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections</u>
<u>III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment</u>

79.     Plaintiff Zinger put on sale through eBay the following items: (a) Russian Imperial

Artillery "Lyadunka" Ammunition Belt (Item. No.: 170214255397) for $1,500 and (b) Russian

White Army "Yekaterinoslav" Campaign Cross (Item No.: 170214262598) for $1,475.00.

80.     On or about May 4, 2008, an eBay buyer Mr. Jean Louis Lambert (eBay account

name "popurave"), who is a French resident, purchased the above described ammunition belt for

$1,500 and the above described campaign cross for $1,475.

81.     Upon receipt of payment via Defendant PayPal from Mr. Lambert, Plaintiff Zinger

shipped the above-described items on May 6, 2008.  The items were shipped to Mr. Lambert via

United States Post Service (USPS Tracking No.: RB 859048977 US).

82.     Mr. Lambert confirmed to Plaintiff Zinger that the items were received on or about

May 16, 2008 and shortly after he left two positive feedback ratings on Plaintiff Zinger's account.

83.     On or about June 6, 2008, Plaintiff Zinger received an email from Mr. Lambert,

claiming that the above-described two items were both non-authentic and demanding a refund of

his money.

84.     Plaintiff Zinger is an internationally recognized Russian Antiques Dealer who

guarantees the authenticity of items which he sells. Mr. Lambert did not buttress his allegations of

non-authenticity with any facts.  Therefore, on or about June 8, 2008, Plaintiff Zinger escalated his

dispute with Mr. Lambert into a claim with Defendant PAYPAL (Case Id.: PP-487-224-302).

85.     On or about June 27, 2008, within 19 days, Defendant PayPal completed its investigation of the above-referenced Claim.  Defendant PayPal resolved the Claim in Plaintiff Zinger's favor and stating the Mr. Lambert was not entitled to a refund.

86.     Finding no recourse for his bogus claim with Defendant PayPal, Mr. Lambert contacted the credit card which was linked to his PayPal account and which was used by Defendant PayPal to make the purchase.  Mr. Lambert instructed his credit card to declare the two transactions at issue as unauthorized.

87.     Upon this, Defendant PayPal illegally opened a second investigation into the same Claim.  This time, Defendant PayPal requested from Plaintiff Zinger the shipping tracking number for the two items in question.  Plaintiff Zinger dutifully provided the requested information.

88.     On or about July 17, 2008, 39 days from the start of the initial investigation, Defendant PayPal improperly reversed its own initial decision and debited Plaintiff Zinger's PayPal account for the cost of both items ($2,995.00) and for a "chargeback fee" ($10.00)  This constituted an unauthorized transfer because Plaintiff never authorized the transfer of money back to the seller which was performed in an illegal reversal of Defendant PayPal's original decision and was never authorized by Defendant PayPal's own User Agreement.  Below is the text of Defendant PayPal's decision:

> We have completed our investigation. After reviewing the details of this case, we have determined that it is unlikely that we will be able to successfully dispute this chargeback. To cover this chargeback, we have debited your account a Chargeback Settlement of $2,995.00 USD. We were charged a fee for processing this chargeback and have debited your account a Chargeback Settlement Fee.

89.     Finally, Plaintiff Zinger never received the two items in question back from Mr. Lambert.

90.     The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error." Here, Defendant PayPal failed to provisionally credit Plaintiff Zinger's account within ten days after being notified of an error.  In fact, Plaintiff Zinger's account has been frozen for over 39 days which it took Defendant PayPal to complete both investigations.     Thus, Defendant violated Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

91.     Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation." Here, Defendant PayPal acknowledged at the conclusion of its investigation that Plaintiff Zinger's Claim valid and that Mr. Lambert's accusations had no merit.  However, once Defendant PayPal realized that no payment would be forthcoming from Mr. Lambert's credit card, Defendant PayPal illegally opened another investigation and without any explanation or justification, reversed its original decision without even making sure that Plaintiff Zinger would receive his items back from Mr. Lambert (which he never did).  Thus, Defendant PayPal violated Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

**E.  AMY RICKEL**

E1. Background

92.     Plaintiff Amy Rickel and her husband opened an account with Defendant eBay and Defendant PayPal on or about 1998.  Through this account, they have sold a variety of items within Defendant eBay's platform for online auction services.  Throughout the relevant period, Plaintiff Amy Rickel had a 99.8% feedback rating on eBay.

E2. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of Settlement and the EFTA

93.     The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error Resolution Policy' section of the User Agreement at least once per calendar year."

94.     From Plaintiff Amy Rickel date of registration with Defendant PayPal and until now, Defendant PAYPAL has not provided Plaintiff Amy Rickel with an annual notice of the EFTA's error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the PayPal User Agreement.

95.     As Defendant PayPal failed to provide Plaintiff Amy Rickel with annual notice of EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc*., 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

E3. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion of Settlement

96.     From Plaintiff Amy Rickel's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Amy Rickel with a periodic statement pursuant to EFTA (15 U.S.C. 1693d(c)).

97.     Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

98.     As Defendant PayPal failed to provide Plaintiff Amy Rickel with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of the    Injunctive Relief portion of the *Comb v. PayPal, Inc.*,  218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

E5. Arbitrary Closing of Plaintiff Amy Rickel's Account by eBay

99. On or about February 2010, Plaintiff Amy Rickel purchased a number of Apple iPhone cellular telephones from another seller within eBay's platform. She then posted the same iPhones for sale through her eBay account.  Some buyers have already put in bids on the iPhones that Plaintiff Amy Rickel has posted.

100.     However, it turned out that the seller from whom Plaintiff Amy Rickel originally purchased the iPhones failed to deliver the iPhones to Plaintiff Amy Rickel.  Upon learning of this, Plaintiff Amy Rickel contacted all of her iPhone buyers and gave them quick refunds. Upon reimbursing each and everyone of her iPhone buyers, Plaintiff Amy Rickel reported the scammer seller to eBay.  Instead of acting on her report and pursuing the scammer seller, eBay chose to close Plaintiff Amy Rickel's account and Defendant PayPal froze her assets.  This constitutes an unauthorized transfer of funds because Defendant PayPal unlawfully prevented Plaintiff from accessing her funds without her authorization.

101.     Thereafter, Plaintiff Amy Rickel has submitted to Defendant eBay clear proof that she had paid the iPhone seller.  Plaintiff Amy Rickel further submitted proof that she reimbursed each of her customers who purchased an iPhone from her. Upon evaluating this proof, eBay restored Plaintiff Amy Rickel's account and Defendant PayPal unfroze her funds.

102.     On or about June 2010, Plaintiff Amy Rickel purchased another batch of iPhones from a different seller.  This time, she waited to have the iPhones physically in her possession prior to listing them on eBay.

103.     However, as soon as Plaintiff Amy Rickel listed the iPhones for sale through her eBay account, eBay permanently banned her from their platform.  Even though Plaintiff Amy Rickel offered Defendant eBay sufficient evidence showing that she had the iPhones physically in her possession, eBay refused to communicate with her in any fashion and refused to reactivate her account.  Further, Defendant eBay labeled Plaintiff Amy Rickel as "a threat to eBay security".  Therefore, Plaintiff Amy Rickel was effectively precluded from doing business in the online auctions market.

E6. Defendant PayPal's Failure to Comply with Section 1693(f) of the Electronic Funds Transfer Act and Sections III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

104.     In addition, Defendant PayPal permanently froze Plaintiff Amy Rickel's PayPal account.  Plaintiff Amy Rickel was illegally and permanently deprived of approximately $500.000.  Defendant PayPal financially benefited from depriving Plaintiff Amy Rickel of her money because it collects interests on her funds.  To this day, Plaintiff Amy Rickel's account remains frozen.   This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully prevented Plaintiff from accessing her funds without her authorization.

105.     Section 1693(f)(c) of the Electronic Funds Transfer Act states that within ten business days from the date when a customer notifies a financial institution that an error occurs, said financial institution shall provisionally re-credit the consumer's account for the amount alleged to be in error.   Section III B(4) of the Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) makes Defendant PayPal's obligations under the Electronic Funds Transfer Act even clearer by stating that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error."   Here, Defendant PayPal failed to provisionally credit Plaintiff Amy Rickel's account within ten days, or otherwise, after she notified them that her account was frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff.

106.     Section 1693(f)(c) of the Electronic Funds Transfer Act further states that a financial institution is obligated to conclude its investigation no later than forty-five days after receipt of notice of the error.  Section 1693(f)(b) of the Electronic Funds Transfer Act also states that if the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error. Here, Defendant PayPal failed to conduct an investigation once Plaintiff Amy Rickel notified Defendant that the freezing of her account was in error.  Further, Defendant PayPal failed to correct the said error, within one business day or otherwise, as Plaintiff Amy Rickel's account is still frozen.   In fact, Plaintiff received no compensation whatsoever and Defendant was unjustly enriched.

107.     The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error."  Here,

1   Defendant PayPal failed to provisionally credit Plaintiff Amy Rickel's account within ten days, or

2   otherwise, after she notified them that her account was frozen in error. Defendant has failed to

3   transfer any money whatsoever to Plaintiff.

4          108.      Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218

5   F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if

6   PayPal determines that an error occurred, it shall promptly correct the error, including the

7   crediting of interest where applicable, within one (1) business day of completing the

8   investigation." Here, Defendant PayPal failed to conduct an investigation once Plaintiff Amy

9   Rickel notified Defendant that the freezing of her account was in error.  Further, Defendant PayPal

10  failed to correct the said error, within one business day or otherwise, as Plaintiff Amy Rickel's

11  account is still frozen.   In fact, Plaintiff received no compensation whatsoever and Defendant was

12  unjustly enriched.

13

14         109.      Section III C(3) of the Injunctive Relief portion of the settlement reached in *Comb*

15  *v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will advise any customer

16  who requests information in connection with an account limitation that any such request must be

17  provided to PayPal through the "report form" link contained in the "Electronic Fund Transfer

18  Rights and Error Resolution Policy" section of PayPal's User Agreement.  PayPal will respond

19  within five business days to a customer's first request for information in connection with an

20  account limitation when such request is received by PayPal through the "report form" link

21  contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of

22  PayPal's User Agreement.  In responding to a customer's first request for information, PayPal will

23  provide the customer with copies of documents it relied on in making its decision to limit access to

24  the customer's account…"    Here, Defendant failed to respond within five business days to

25  Plaintiff's request in connection with Plaintiff's account limitation.

26

27

28
                                                28

110.     Section III C(4) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will make any funds remaining in a limited account available to customers within 180 days after the account's access is limited, unless PayPal is prevented from releasing the funds in the account by court order, a request from a law enforcement agency, other state or federal body, or any foreign government or law enforcement agency…."  Here, it has been longer than 180 days and Defendant still has not made any funds available to Plaintiff.

**F.  FRED RICKEL**

F1. Background

111.     Plaintiff Fred Rickel is Plaintiff Amy Rickel's husband.  From on or about 1998 and until on or about June 2009, he has shared a single eBay account with Plaintiff Amy Rickel, where both of them sold a variety of items on eBay.

112.     On or about June 2009, Plaintiff Fred Rickel opened his own account with eBay and Defendant PayPal.  He utilized this new account solely for the purposes of selling neckties.  Throughout the relevant period, Plaintiff Fred Rickel had a 100% feedback rating on eBay's platform.

F2. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of Settlement and the EFTA

113.     The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error Resolution Policy' section of the User Agreement at least once per calendar year."

114.     From Plaintiff Fred Rickel's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Fred Rickel with an annual notice of the

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF**

1

2

EFTA's error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the PayPal User Agreement.

3

4

5

6

7

115.     As Defendant PayPal failed to provide Plaintiff Fred Rickel with annual notice of EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc*., 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

8

9

F3. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion of Settlement

10

11

12

116.     From Plaintiff Fred Rickel's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Fred Rickel with a periodic statement  pursuant to EFTA (15 U.S.C. 1693d(c)).

13

14

15

16

17

18

19

117.     Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

20

21

22

23

24

118.     As Defendant PayPal failed to provide Plaintiff Fred Rickel with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PAYPAL has violated Section III A(2) of the   Injunctive Relief portion of the *Comb v. PayPal, Inc.*,  218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

25

F4. Arbitrary Closing of Plaintiff Fred Rickel's Account by eBay

26

27

28

119.     On or about June 2010, when Plaintiff Amy Rickel's account was permanently closed by eBay, eBay permanently closed Plaintiff Fred Rickel's eBay account.  No explanation

was provided by eBay.  The only surmisable reason is that Plaintiff Fred Rickel shares the same

mailing address as Plaintiff Amy Rickel (even though their business ventures were wholly

separate and distinct).

F5. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections III
B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

120.     When Plaintiff Fred Rickel's eBay account was closed, Defendant PayPal

permanently froze Plaintiff Fred Rickel's funds. As a result, Plaintiff Fred Rickel was illegally and

permanently deprived of approximately $500.000.  Defendant PayPal financially benefited from

depriving Plaintiff Fred Rickel of his money because it collects interests on his funds. This

constituted an unauthorized transfer of funds because Defendant PayPal unlawfully prevented

Plaintiff from accessing his funds without his authorization.

121.     Section 1693(f)(c) of the Electronic Funds Transfer Act states that within ten

business days from the date when a customer notifies a financial institution that an error occurs,

said financial institution shall provisionally re-credit the consumer's account for the amount

alleged to be in error.   Here, Defendant PayPal failed to provisionally credit Plaintiff Fred

Rickel's account within ten days, or otherwise, after she notified them that her account was

frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff.

122.     Section 1693(f)(c) of the Electronic Funds Transfer Act further states that a

financial institution is obligated to conclude its investigation no later than forty-five days after

receipt of notice of the error.  Section 1693(f)(b) of the Electronic Funds Transfer Act also states

that if the financial institution determines that an error did occur, it shall promptly, but in no

event more than one business day after such determination, correct the error. Here, Defendant

PayPal failed to conduct an investigation once Plaintiff Fred Rickel notified Defendant that the

freezing of his account was in error.  Further, Defendant PayPal failed to correct the said error,

within one business day or otherwise, as Plaintiff Fred Rickel's account is still frozen.   In fact, Plaintiff received no compensation whatsoever and Defendant was unjustly enriched.

123.     The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error."  Here, Defendant PayPal failed to provisionally credit Plaintiff Fred Rickel's account within ten days, or otherwise, after she notified them that her account was frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff.

124.     Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation."  Here, Defendant PayPal failed to conduct an investigation once Plaintiff Fred Rickel notified Defendant that the freezing of his account was in error.  Further, Defendant PayPal failed to correct the said error, within one business day or otherwise, as Plaintiff Fred Rickel's account is still frozen.   In fact, Plaintiff received no compensation whatsoever and Defendant was unjustly enriched.

125.     214.     In particular, Section III C(3) of the Injunctive Relief portion of the settlement reached in Comb v. PayPal, Inc., 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will advise any customer who requests information in connection with an account limitation that any such request must be provided to PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  PayPal will respond within five business days to a customer's first

32

request for information in connection with an account limitation when such request is received by PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  In responding to a customer's first request for information, PayPal will provide the customer with copies of documents it relied on in making its decision to limit access to the customer's account…"

126.  In particular, Section III C(3) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will advise any customer who requests information in connection with an account limitation that any such request must be provided to PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  PayPal will respond within five business days to a customer's first request for information in connection with an account limitation when such request is received by PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  In responding to a customer's first request for information, PayPal will provide the customer with copies of documents it relied on in making its decision to limit access to the customer's account…"    Here, Defendant failed to respond within five business days to Plaintiff's request in connection with Plaintiff's account limitation.

127.    Section III C(4) of the Injunctive Relief portion of the settlement reached in Comb v. PayPal, Inc., 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will make any funds remaining in a limited account available to customers within 180 days after the account's access is limited, unless PayPal is prevented from releasing the funds in the account by court order, a request from a law enforcement agency, other state or federal body, or any foreign government or law enforcement agency…."  Here, it has been longer than 180 days and Defendant still has not made any funds available to Plaintiff.

## G. IRA GILMAN

128.     Plaintiff Gilman has been selling on eBay since 1999 and has been a client of Defendant PayPal since 2002.

G1. Defendant PAYPAL's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of Settlement and the EFTA

129.     The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error Resolution Policy' section of the User Agreement at least once per calendar year."

130.     From Plaintiff Gilman's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Gilman with an annual notice of the EFTA's error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the PayPal User Agreement.

131.     As Defendant PayPal failed to provide Plaintiff Gilman with annual notice of EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

G2. Defendant PAYPAL's Failure to Comply with Section III A (2) of the Injunctive Relief Portion of Settlement

132.     From Plaintiff Gilman's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Gilman with a periodic statement  pursuant to EFTA (15 U.S.C. 1693d(c)).

133.     Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic

34

statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

134.    As Defendant PayPal failed to provide Plaintiff Gilman with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of the  Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165  (N.D.Cal. 2002) settlement.

G3. Plaintiff Gilman's Experience

135.    Plaintiff Gilman is a buyer and seller on eBay and utilizes Defendant PayPal's transactional system for his transactions.

136.    Over the past year, Defendant PayPal, without due investigation, has taken out money from Plaintiff Gilman's account without giving Plaintiff Gilman any opportunity to appeal their decisions.  The incidents in question are detailed below.

137.    On or about January 22, 2011, Plaintiff Gilman sold lighted cords with light bulbs (a Christmas decoration) to an eBay buyer.  Defendant PayPal's transactional system was utilized by both Plaintiff Gilman and the eBay buyer.  The eBay buyer put in a complaint that the items which Plaintiff Gilman sold to him were not new and were missing bulbs.  Even though Plaintiff Gilman denied this, he was not given the chance to prove the falsity of the buyer's accusation as the money that the eBay buyer paid for the lighted cords was automatically and without authorization debited from Plaintiff Gilman's account.  Plaintiff Gilman was not given the chance to prove his case through a formal investigation.  Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized.  This

35

constituted an unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

138.     On or about January 16, 2011, Plaintiff Gilman sold two Nutcracker Suite Animated Music Boxes to an eBay buyer.  Defendant PayPal's transactional system was utilized by both Plaintiff Gilman and the eBay buyer.  The eBay buyer demanded that Plaintiff Gilman should send to him a third music box for free.  When Plaintiff Gilman pointed out to the eBay buyer that he only paid for two and not three music boxes, the eBay buyer filed a complaint with eBay and Defendant PayPal.  Defendant PayPal, without due investigation and without Plaintiff Gilman's authorization, debited the money which the eBay buyer has paid to him from Plaintiff Gilman's PayPal account.  Plaintiff Gilman was never offered the opportunity to dispute this action by Defendant PayPal. Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

139.     On or about January 6, 2011 Plaintiff Gilman sold an Ultimate Matrix Collection DVD 10-Disc Set to an eBay buyer for $18.50 (and $25.00 for shipping).  Defendant PayPal's transactional system was utilized by both Plaintiff Gilman and the eBay buyer.  Upon accusations from the eBay buyer that the DVD Set sold to him by Plaintiff Gilman was pirated, Defendant PayPal automatically withdrew, without authorization from Plaintiff Gilman, the funds paid to him by the Matrix DVD buyer.  Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an unauthorized

36

transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

140.     On or about November 13, 2010, Plaintiff Gilman sold a camera to an eBay buyer. Defendant PayPal's transactional system was utilized by both Plaintiff Gilman and the eBay buyer in Australia.  The eBay buyer demanded that Plaintiff Gilman refund him some of the shipping price as, according to the eBay buyer, the shipping charge to Australia should have been $39 and not $62.  When Plaintiff Gilman refused, pointing out that he utilized eBay's software to calculate the shipping rate, the eBay buyer filed a complaint with eBay and Defendant PayPal. Defendant PayPal, without due investigation and without Plaintiff Gilman's authorization, debited the money which the eBay buyer has paid to him from Plaintiff Gilman's PayPal account (both the price of the camera and the shipping costs).  Plaintiff Gilman was never offered the opportunity to dispute this action by Defendant PayPal. Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

141.     On or about November 10, 2010, Plaintiff Gilman sold a $5 video cassette to an eBay buyer.  Defendant PayPal's transactional system was utilized by both Plaintiff Gilman and the eBay buyer.  The eBay buyer filed a complaint with eBay and Defendant PayPal stating that the video was not as described.   Defendant PayPal, without due investigation and without Plaintiff Gilman's authorization, debited the money which the eBay buyer has paid to him from Plaintiff Gilman's PayPal account. Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an

37

unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

142.     On or about September 2, 2010, Plaintiff Gilman sold a 15 Stihl 25" cutting chain chain saw blades to an eBay buyer for $75. Defendant PayPal's transactional system was utilized by both Plaintiff Gilman and the eBay buyer. The eBay buyer wanted to return the blades back to Plaitniff Gilman stating that he had changed his mind as to the purchase. However, Plaintiff Gilman refused, stating that the relevant eBay listing clearly stated that the blades were being sold as is and that there were no returns accepted. Upon this, the eBay buyer filed a complaint with eBay and Defendant PayPal. Defendant PayPal, without due investigation and without Plaintiff Gilman's authorization, debited the money which the eBay buyer has paid to him from Plaintiff Gilman's PayPal account. Plaintiff Gilman never received any of the blades back. Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

143.     On or about August 30, 2010, Plaintiff Gilman sold a Lite Fx Fog Machine to an eBay buyer. Plaintiff Gilman's listing clearly indicated that the fog machine comes without a remote control. Further, the eBay buyer assured Plaintiff Gilman that he did not require a remote control. Defendant PayPal's transactional system was utilized by both Plaintiff GILMAN and the eBay buyer. The eBay buyer wanted Plaintiff Gilman to refund the purchase money to him because upon receiving the machine he was not satisfied with the lack of a remote control. Defendant PayPal, without due investigation and without Plaintiff Gilman's authorization, debited the money which the eBay buyer has paid to him from Plaintiff Gilman's PayPal account.

Plaintiff Gilman never received the fog machine back. Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

144.     On or about December 20, 2010, Plaintiff Gilman sold a Hamilton Beach HealthSmart 67150 200 Watts Juicer to an eBay buyer.  The eBay buyer wanted Plaintiff Gilman to refund the purchase money to him because he claimed that the juicer has been opened.  When Plaintiff Gilman refused to refund the buyer's money and insisted that the juicer was never opened, the buyer filed a complaint with eBay and Defendant PayPal.  Defendant PayPal without due investigation and without Plaintiff Gilman's authorization, debited the money which the eBay buyer has paid to him from Plaintiff Gilman's PayPal account.  Plaintiff Gilman never received the juicer back. Thus, it is clear from the above, that while the original transfer of funds was authorized as part of a valid transaction, Defendant PayPal's later unilateral transfer of funds from the Plaintiff back to the buyer was never authorized. This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully transferred money from Plaintiff's account without his authorization to the seller.

G4. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

145.     Section 1693(f)(c) of the Electronic Funds Transfer Act states that within ten business days from the date when a customer notifies a financial institution that an error occurs, said financial institution shall provisionally re-credit the consumer's account for the amount alleged to be in error.   Here, Defendant PayPal failed to provisionally credit Plaintiff Gilman's account within ten days, or otherwise, in each and every of the above occurrences. Defendant has failed to transfer any money whatsoever to Plaintiff in each and every of the above occurrences.

146.     Section 1693(f)(c) of the Electronic Funds Transfer Act further states that a financial institution is obligated to conclude its investigation no later than forty-five days after receipt of notice of the error.  Section 1693(f)(b) of the Electronic Funds Transfer Act also states that if the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error. Here, Defendant PayPal failed to conduct a valid investigation once Plaintiff Gilman notified Defendant PayPal that the monies were taken from his account in error.  Further, Defendant PayPal failed to correct the said errors, within one business day or otherwise, even when Plaintiff Gilman notified them that the buyer has never shipped the item in question back to him. In fact, Plaintiff received no compensation whatsoever and has only encountered losses due to his product not being returned to him and the money for the product being debited without authorization by Defendant PayPal.

147.     The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error."  Here, Defendant PayPal failed to provisionally credit Plaintiff Gilman's account within ten days, or otherwise, in each and every of the above occurrences. Defendant has failed to transfer any money whatsoever to Plaintiff in each and every of the above occurrences.

148.     Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation." Here, Defendant PayPal failed to conduct a valid investigation once Plaintiff Gilman notified Defendant PayPal that the monies were taken from his account in error.  Further,

40

Defendant PayPal failed to correct the said errors, within one business day or otherwise, even when Plaintiff Gilman notified them that the buyer has never shipped the item in question back to him. In fact, Plaintiff received no compensation whatsoever and has only encountered losses due to his product not being returned to him and the money for the product being debited without authorization by Defendant PayPal.

## H. LACY REINTSMA

149.     Plaintiff Reintsma has been buying and selling items on eBay's online auctions platform since approximately October 2006.  She opened an account with Defendant PayPal at approximately the above stated date as well.

H1. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of Settlement and the EFTA

150.     The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error Resolution Policy' section of the User Agreement at least once per calendar year."

151.     Plaintiff Reintsma was a consumer of PayPal services. From Plaintiff Reintsma's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Reintsma with an annual notice of the EFTA's error resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the PayPal User Agreement.

152.     As Defendant PayPal failed to provide Plaintiff Reintsma with annual notice of EFTA's error resolution procedures, Defendant PayPal has violated Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

H2. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion

PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF

of Settlement

153.     From Plaintiff Reintsma's date of registration with Defendant PayPal and until now, Defendant PayPal has not provided Plaintiff Reintsma with a periodic statement  pursuant to EFTA (15 U.S.C. 1693d(c)).

154.     Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

155.     As Defendant PayPal failed to provide Plaintiff Reintsma with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of the   Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165  (N.D.Cal. 2002) settlement.

H3. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

156.     On or about October 2010, Plaintiff Reintsma was selling iPhones on eBay.  A single eBay buyer purchased about four iPhones from Plaintiff Reintsma in four separate transactions.  These payment transactions were handled by Defendant PayPal.

157.     On or about January 6, 2011, the eBay buyer who purchased the iPhones from Plaintiff Reintsma requested his money back by instituting chargeback on his credit card that was connected to said buyer's PayPal account. A chargeback, also known as a reversal, is when a buyer asks their credit card issuer to reverse a transaction after it has been completed.  The reason for the request is the buyer's statement that he has never received the iPhones in question.

158.     On or about January 15, 2011, without any due investigation, Defendant PayPal notified Plaintiff Reintsma that her account is now frozen indefinitely.  The only information which Defendant PayPal allowed Plaintiff Reintsma to submit consisted of signature tracking information for the iPhones at the aforementioned date, Plaintiff Reintsma has had over $2,500 in her PayPal account which he has not recovered to this day.   This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully prevented Plaintiff from accessing her funds without her authorization.

159.     Section 1693(f)(c) of the Electronic Funds Transfer Act states that within ten business days from the date when a customer notifies a financial institution that an error occurs, said financial institution shall provisionally re-credit the consumer's account for the amount alleged to be in error.   Here, Defendant PayPal failed to provisionally credit Plaintiff Reintsma's account within ten days, or otherwise, after she notified them that her account was frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff.

160.     Section 1693(f)(c) of the Electronic Funds Transfer Act further states that a financial institution is obligated to conclude its investigation no later than forty-five days after receipt of notice of the error.  Section 1693(f)(b) of the Electronic Funds Transfer Act also states that if the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error. Here, Defendant PayPal failed to conduct an investigation once Plaintiff Reintsma notified Defendant that the freezing of her account was in error.  Further, Defendatnt PayPal failed to correct the said error, within one business day or otherwise, as Plaintiff Reintsma's account is still frozen. In fact, Plaintiff  received no compensation whatsoever and Defendant was unjustly enriched.

161.     The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a

customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error." Here, Defendant PayPal failed to provisionally credit Plaintiff Reintsma's account within ten days, or otherwise, after she notified them that her account was frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff.

162.     Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation." Here, Defendant PayPal failed to conduct an investigation once Plaintiff Reintsma notified Defendant that the freezing of her account was in error.  Further, Defendatnt PayPal failed to correct the said error, within one business day or otherwise, as Plaintiff Reintsma's account is still frozen. In fact, Plaintiff received no compensation whatsoever and Defendant was unjustly enriched.

163. Section III C(3) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will advise any customer who requests information in connection with an account limitation that any such request must be provided to PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  PayPal will respond within five business days to a customer's first request for information in connection with an account limitation when such request is received by PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  In responding to a customer's first request for information, PayPal will provide the customer with copies of documents it relied on in making its decision to limit access to

the customer's account…"     Here, Defendant failed to respond within five business days to

Plaintiff's request in connection with Plaintiff's account limitation.

**I. SHAUL BEHR**

164.     At all relevant times, Plaintiff Behr was the chairman of Kehillas Shivtei Yeshurun,

a Jewish community center in Beit Shemesh, Israel.   Plaintiff Behr opened an account with

Defendant PayPal on November 2, 2011.

I1. Defendant PayPal's Failure to Comply with Section III A (1) of the Injunctive Relief Portion of
Settlement and the EFTA

165.     The Section III A(1) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*,

218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers notice of

the EFTA's error resolution procedures and a link to 'Electronic Fund Transfer Rights and Error

Resolution Policy' section of the User Agreement at least once per calendar year."

166.     From Plaintiff Behr's date of registration with Defendant PayPal and until now,

Defendant PayPal has not provided Plaintiff Behr with an annual notice of the EFTA's error

resolution procedures along with a link to the "Electronic Fund Transfer Rights and Error

Resolution Policy" section of the PayPal User Agreement.

167.     As Defendant PayPal failed to provide Plaintiff Behr with annual notice of EFTA's

error resolution procedures, Defendant PAYPAL has violated Section III A(1) of the Injunctive

Relief portion of the *Comb v. PayPal, Inc*., 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

I2. Defendant PayPal's Failure to Comply with Section III A (2) of the Injunctive Relief Portion of
Settlement

168.     From Plaintiff Behr's date of registration with Defendant PayPal and until now,

Defendant PayPal has not provided Plaintiff Behr with a periodic statement  pursuant to EFTA

(15 U.S.C. 1693d(c)).

169.     Section III A(2) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

170.     As Defendant PayPal failed to provide Plaintiff Behr with a periodic statement pursuant to the EFTA (15 U.S.C. § 1693d(c)), Defendant PayPal has violated Section III A(2) of the  Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement.

I3. Defendant PayPal's Failure to Comply with the Electronic Funds Transfer Act and Sections III B(4) and III B(7) of the Injunctive Relief Portion of Settlement and Unjust Enrichment

171.     Plaintiff Behr opened a PayPal account on November 2, 2011.  The main purpose of this account was to receive charity donations to Plaintiff Behr's community center, Beit Shemesh, Israel.

172.     On or about November 4, 2011, Plaintiff Behr received a notification from Defendant PayPal that Plaintiff Behr would not be able to close his PayPal account but would still, for now, be able to receive and withdraw funds from it.

173.     Within a month from the aforementioned notification, Defendant PayPal requested documents from Plaintiff Behr which prove that his community center, Kehillas Shivtei Yeshurun, is a registered charity organization in Israel.

174.     Dutifully, Plaintiff Behr complied with Defendant PayPal's request for documentation and Avraham Nadell, treasurer of Kehillas Shivtei Yeshurun, sent to Defendant PayPal Kehillas Shivtei Yeshurun's certificate of approval as a non-profit organization from Israeli government, certificate of proper book keeping from Israeli government , certificate of tax

46

exempt status from Israel tax authority, mission statement, statement appointing list of authorized signatories for pay pal account including photo ID's of authorized signatories and organization officers, and bank statement and check.

175.    Defendant PayPal did not respond to this information in any fashion and Plaintiff Behr's PayPal account remained active.

176.    Suddenly, on or about March 4, 2011, Defendant PayPal froze Plaintiff Behr's PayPal account.  On or about March 7, 2011, Defendant PayPal notified Plaintiff Behr that his account is to be froze for at least six months.

177.    Defendant PayPal has not indicated that it conducted or that it is planning to conduct any investigation.  Defendant PayPal has not given Plaintiff Behr any means to overturn or appeal this action.

178.    At the time when Plaintiff Behr's PayPal account was frozen, it contained $1,564. Currently this money is in the possession of Defendant PayPal and Plaintiff Behr's charity organization is deprived of these rightful donations. This constituted an unauthorized transfer of funds because Defendant PayPal unlawfully prevented Plaintiff from accessing his funds without his authorization.

179.    Section 1693(f)(c) of the Electronic Funds Transfer Act states that within ten business days from the date when a customer notifies a financial institution that an error occurs, said financial institution shall provisionally re-credit the consumer's account for the amount alleged to be in error.  Here, Defendant PayPal failed to provisionally credit Plaintiff Behr's account within ten days, or otherwise, after he notified them that his account was frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff and Plaintiff's community center is currently deprived of the donations that were rightfully given to it.

PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF

180.       Section 1693(f)(c) of the Electronic Funds Transfer Act further states that a financial institution is obligated to conclude its investigation no later than forty-five days after receipt of notice of the error.  Section 1693(f)(b) of the Electronic Funds Transfer Act also states that if the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error.  Here, Defendant PayPal failed to conduct an investigation once Plaintiff Behr notified Defendant that the freezing of his account was in error.  Further, Defendant PayPal failed to correct the said error, within one business day or otherwise, as Plaintiff Behr's account is still frozen. In fact, Plaintiff received no compensation whatsoever and Defendant was unjustly enriched as it is now holding the donation money for Plaintiff's charitable organization for an unspecified length of time.

181.       The Section III B(4) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C. 1693f(c)) whenever PayPal is unable to complete an investigation of an error within ten (10) days after being notified of an error." Here, Defendant PayPal failed to provisionally credit Plaintiff Behr's account within ten days, or otherwise, after he notified them that his account was frozen in error. Defendant has failed to transfer any money whatsoever to Plaintiff and Plaintiff's community center is currently deprived of the donations that were rightfully given to it.

182.       Section III B(7) of the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) settlement states that, upon the conclusion of the investigation "if PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one (1) business day of completing the investigation." Here, Defendant PayPal failed to conduct an investigation once Plaintiff Behr notified Defendant that the freezing of his account was in error.  Further, Defendant PayPal failed

1  to correct the said error, within one business day or otherwise, as Plaintiff Behr's account is still

2  frozen. In fact, Plaintiff received no compensation whatsoever and Defendant was unjustly

3  enriched as it is now holding the donation money for Plaintiff's charitable organization for an

4  unspecified length of time.

5        183.       Section III C(3) of the Injunctive Relief portion of the settlement reached in *Comb*

6  *v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will advise any customer

7  who requests information in connection with an account limitation that any such request must be

8  provided to PayPal through the "report form" link contained in the "Electronic Fund Transfer

9  Rights and Error Resolution Policy" section of PayPal's User Agreement.  PayPal will respond

10  within five business days to a customer's first request for information in connection with an

11  account limitation when such request is received by PayPal through the "report form" link

12  contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of

13  PayPal's User Agreement.  In responding to a customer's first request for information, PayPal will

14  provide the customer with copies of documents it relied on in making its decision to limit access to

15  the customer's account…"   Here, Defendant failed to respond within five business days to

16  Plaintiff's request in connection with Plaintiff's account limitation.

17

18  ## VII. CLASS ACTION ALLEGATIONS

19

20      184.  This civil action is brought as a class action by Plaintiffs and the members of their Class

21  against Defendant PayPal pursuant to Federal Rules of Civil Procedure 23(a)(1)-(4), 23(b)(1), (2)

22  or (3) and case law thereunder on behalf of themselves and all others similarly situated who

23  comprise the following Class (the "Class"), defined as follows:

24

25        all companies and individuals whose PayPal accounts were improperly frozen,
        limited or debited by Defendant PayPal in violation of the Electronic Funds
26        Transfer Act and in violation of Combs v. PayPal, Inc.,  218 F. Supp. 2d 1165 (and
        the resulting settlement) and who are interested in pursuing this lawsuit.

49

185.  The Class Period is the longest period allowed by the statute of limitations.

186.  Excluded from the class are Defendant PayPal, employees and agents of the Defendant, members of the immediate family of the Defendant, any entity in which the Defendant has a controlling interest, and Defendant's legal representatives, heirs, successors or assigns.

187.  **Numerosity of the Class** –Fed. R. Civ. P. 23(a)(1): Although the exact number of class members cannot be ascertained, they are so numerous and geographically dispersed so that joinder of all class members is impracticable. The precise number of class members and their addresses is unknown to Plaintiffs and cannot be readily determined from inspection of records maintained by Defendant PayPal. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

188.  **Existence and Predominance of Common Questions of Fact and Law** – Fed. R. Civ. P. 23(a)(2); 23(b)(3):  Common questions of law and fact exist as to all Class members.  These questions predominate over the questions affecting only individual Class members.  These common legal and factual questions include:

    a.  whether Defendant PayPal electronically transferred funds or held electronically transferred funds in an unlawful manner;

    b.  whether Defendant PayPal failed to make a telephone number and address readily available for customers to report erroneous electronic transfers;

    c.  whether Defendant PayPal violated the Injunctive Relief portion of the *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002) Settlement;

    d.  whether Defendant PayPal notified consumers of their right to request documents upon which an investigative decision by Defendant PayPal was based;

    e.  whether Defendants violated 15 U.S.C. § § 1693 *et seq.* (EFTA);

50

f.  whether Defendant PayPal engaged in unlawful, unfair or fraudulent business practices;

g.  whether Defendant PayPal was unjustly enriched at the expense of Plaintiffs and the members of their Class;

h.  whether Defendant PayPal acted negligently, as alleged herein;

i.  whether Plaintiffs and the members of their Class are entitled to restitution of all monies acquired by Defendant's from Plaintiffs and the members of their Class as a result of Defendant PayPal's unlawful, unfair or fraudulent business practices;

j.  whether Plaintiffs and the members of their Class sustained damages as a result of Defendant PayPal's unlawful conduct, and, if so, what is the appropriate measure of damages;

k.  whether Defendant PayPal refused to reimburse consumers for expenses incurred as a result of Defendant PayPal's erroneous transfer of money; and

l.  the appropriate form of injunctive, declaratory and monetary relief.

189. **Typicality** -- Fed. R. Civ. P. 23(a)(3): Plaintiffs' claims are typical of those of the class in that plaintiffs are members of the Class and have no known interests that are antagonistic to or contrary to the interests of the Class.

190. **Adequacy** – Fed. R. Civ. P. 23(a)(4): Plaintiffs will fairly and adequately protect the interests of the members of their Class because their interests do not conflict with the interests of the class members they seeks to represent. Plaintiffs have retained competent counsel experienced in class litigation and intend to prosecute this action vigorously.

191. **Superiority** – Fed. R. Civ. P. 23(b)(3): A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a

51

class action. Furthermore, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class members to seek redress individually or the wrongs they have suffered.

192. In the alternative, the Class may be certified under the provisions of Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2) because:

a.   the prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants;

b.   the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members who are not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief available with respect to the Class as a whole.

## VIV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – EFTA
**(Violation Of The Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq.)**

193.   Plaintiffs incorporate by reference each paragraph set forth above and assert this cause of action on behalf of themselves and on behalf of the Class alleged herein.

194.   The purpose of the Electronic Fund Transfer Act ("EFTA") is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). The primary objective of the EFTA "is the provision of individual consumer rights." *Id.*

195.     When addressing a consumer's error resolution-rights, the financial institution should avoid any conduct that would have a chilling effect on the good-faith assertion of errors by the consumer. 12 C.F.R. part 205, Supp. I, § 205.11(c)-2.

196.     An "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. 15 U.S.C. § 1693a(6).

197.     A "financial institution" means "any ... person who, directly or indirectly, holds an account belonging to a consumer." 15 U.S.C. § 1693a(8). A "consumer" means "any natural person." 15 U.S.C. § 1693a(5).

198.     Defendant PayPal, Inc. is a financial institution under 15 U.S.C. § 1693a(8), and Plaintiffs and Class Members are "consumers" under 15 U.S.C. § 1693a(5).

199.     The financial institution mist provide the consumer the terms and conditions of electronic fund transfers, which must include in readily understandable language the telephone number and address of the person or office to be notified in the event the consumer believes that an unauthorized electronic fund transfer has been or may be effected. 15 U.S.C. § 1693c(a)(2); 12 C.F.R. § 205.7(b)(2).

200.     Under 12 C.F.R. § 205.7(b)(10), the financial institution must use a form of disclosure that is substantially similar to Model Form A-3, as set out in Appendix A of 12 C.F.R. §205, which includes the provision of a telephone number for the consumer to call in case of errors or questions concerning electronic transfers.

201.     In disclosing the telephone number required under 15 U.S.C. § 1693c(a)(2), the financial institution may insert a reference to a telephone number that is readily available to the consumer. 12 C.F.R. part 205, Supp. I, § 205.7(b)(2)-2. The financial institution must, however,

53

1    provide a specific telephone number and address, on or with the disclosure statement, for reporting

2    a lost or stolen access device or a possible unauthorized transfer. Id.

3        202.    Defendant PayPal failed to comply with 15 U.S.C. § 1693c(a)(2), 12 C.F.R. §

4    205.7(b)(2), 12 C.F.R. § 205.7(b)(10), and 12 C.F.R. part 205, Supp. I, § 205.7(b)(2)-2, in that

5    during the Class period, it did not provide a specific telephone number and address readily

6    available to the consumer for purposes of reporting an erroneous transaction, such as an

7    unauthorized transfer, and it did not use a form of disclosure substantially similar to Model Form

8    A-3, as set out in Appendix A of 12 C.F.R. § 205.

9

10       203.    Under 15 U.S.C. § 1693g, a consumer may be subject to a limited amount of

11   financial liability for an unauthorized electronic fund transfer in certain circumstances. If the

12   financial institution fails to provide the disclosures required by 12 C.F.R. § 205.7(b)(1), (2), and

13   (3), the consumer is not subject to liability for an unauthorized electronic fund transfer.

14

15       204.    PayPal failed to comply with 12 C.F.R. § 205.7(b)(2) in that during the Class

16   period, it did not provide a specific telephone number and address readily available to the

17   consumer for purposes of reporting an unauthorized electronic fund transfer.

18       205.    Under 15 U.S.C. § 1693f(a), if a consumer notifies a financial institution orally or

19   in writing of an error within sixty days after the financial institution transmits to a consumer

20   notification of a transfer or receipt of funds or a periodic statement, a financial institution must

21   investigate the alleged error, determine whether an error has occurred, and report or mail the

22   results of such investigation and determination to the consumer within ten business days.

23

24       206.    An error consists of (1) an unauthorized electronic fund transfer; (2) an incorrect

25   electronic fund transfer from or to the consumer's account; (3) the omission from a periodic

26   statement of an electronic fund transfer affecting the consumer's account which should have been

27   included; (4) a computational error by the financial institution; (5) the consumer's receipt of an

28

incorrect amount of money from an electronic terminal; (6) a consumer's request for additional information or clarification concerning an electronic fund transfer or any documentation required by the Act, including a request the consumer makes to determine whether an error exists; or (7) any other error described in regulations of the Board of Governors of the Federal Reserve System. 15 U.S.C. § 1693f(f); 12 C.F.R. § 205.11.

207.    In lieu of acting within the time requirements of 15 U.S.C. § 1693f(a), a financial institution may provisionally credit a consumer's account within ten days of receiving notice of an error for the amount alleged to be in error, including interest where applicable, pending the conclusion of its investigation and its determination of whether an error has occurred. 15 U.S.C. § 1693f(c). Such investigation must be concluded not later than forty-five days after receipt of notice of the error; during the pendency of the investigation, the consumer must have full use of the funds provisionally credited. Id.

208.    If the consumer reports an error orally, the financial institution may require that the consumer provide written confirmation of the error. If the financial institution requires written confirmation and does not receive such confirmation within ten business days, it need not provisionally credit the consumer's account in accordance with 15 U.S.C. § 1693f(c), among other things. 15 U.S.C. § 1693f(a).

209.    If the financial institution requires written confirmation of an error, it must provide the address where confirmation must be sent at the time the consumer gives oral notification of the error. 12 C.F.R. § 205.11(b)(2).

210.    If the financial institution requires written confirmation from the consumer relating to a notice of error, it may not delay initiating or completing an investigation pending receipt of the written confirmation. 12 C.F.R. part 205, Supp. I, § 205.11(b)(1)-2.

211.     If a financial institution determines that an error did occur, it must correct the error, including the crediting of interest where applicable. 15 U.S.C. § 1693f(b).

212.     If the financial institution determines after its investigation that an error did not occur, or that an error occurred in a manner or amount different from that described by the consumer, it shall deliver or mail to the consumer an explanation of its findings within three business days after conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. 15 U.S.C. § 1693f(d); 12 C.F.R. § 205.11(d). The financial institution shall include notice of the right to request reproductions with the explanation of its findings. 15 U.S.C. § 1693f(d); 12 C.F.R. § 205.11(d)(1).

213.     Defendant PayPal fails to comply with 15 U.S.C. § 1693f and 12 C.F.R. § 205.11, in that during the Class period, in connection with its practice of restricting, freezing, or closing accounts of Plaintiffs, it failed to conduct a good faith and timely investigation of reported errors, or failed to report or mail the results of a good faith and timely investigation, or failed to provisionally credit the amount alleged to be in error within ten business days, or failed to provide consumers of their right to obtain the documents that formed the basis of a decision, or failed to correct the alleged errors, or failed to credit interest where appropriate.

214.     Plaintiffs, on behalf of themselves and all others similarly situated, seek damages, including treble damages where appropriate, pursuant to 15 U.S.C. § 1693m, as follows: a) actual damages resulting from Defendant PayPal's unlawful conduct; b) the lesser of $500,000 or 1 percent of the net worth of Defendant PayPal; c) costs and reasonable attorney's fees; and d) for other and further relief as set forth below.

### SECOND CLAIM FOR RELIEF – COMB SETTLEMENT
**(Violation Of The Settlement Agreement Reached In *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002))**

1
2

215.    Plaintiffs incorporate by reference each paragraph set forth above and assert this cause of action on behalf of themselves and behalf of the Class alleged herein.

3
4
5
6

216.    Under the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), Defendant PayPal consented to an injunction requiring certain notification and resolution procedures to be put into place.

7
8
9
10
11
12
13
14
15
16
17

217.    In particular, Section III A(1) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will provide customers at the time they open an account with a disclosure pursuant to the EFTA (15 U.S.C. 1693c(a)) that includes a specific telephone number and address for reporting lost/stolen access devices or unauthorized transfers.  A disclosure contained within the "Electronic Fund Transfer Rights and Error' Resolution Policy" section of PayPal's User Agreement... Thereafter, PayPal will send customers notice of the EFTA's error resolution procedures and a link to the "Electronic Fund Transfer Rights and Error Resolution Policy" section of the User Agreement at least once per calendar year.  PayPal will deliver this notice in an email containing a link and addressed to the primary email address listed on the customer's account."

18
19
20
21
22
23
24

218.    Section III A(2) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will send customers a periodic statement pursuant to the EFTA (15 U.S.C. 1693d(c)).  Such statements shall be sent on a monthly basis if the customer's account is active and on a quarterly basis if not.  PayPal will deliver such notice via a link embedded in an email addressed to the primary email address listed on the customer's account."

25
26
27
28

219.    Section III B(4) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will provisionally credit a customer's account pursuant to the EFTA (15 U.S.C 1693f(c)) whenever PayPal is unable to

**PLAINTIFFS' FIRST**
**AMENDED COMPLAINT**
**CASE NO. 10-CV-01668 JF**

complete an investigation of an error within ten (10) days after being notified of an error, unless either: (i) PayPal has requested, and not received, written confirmation from the customer pursuant to 15 U.S.C. 1693f(a); or (ii) following an investigation completed under 15 U.S.C. 1693f, PayPal has determined in its discretion that no error occurred."

220.      Section III B(7) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "If PayPal determines that an error occurred, it shall promptly correct the error, including the crediting of interest where applicable, within one business day of completing the investigation."

221.      Section III C(3) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will advise any customer who requests information in connection with an account limitation that any such request must be provided to PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  PayPal will respond within five business days to a customer's first request for information in connection with an account limitation when such request is received by PayPal through the "report form" link contained in the "Electronic Fund Transfer Rights and Error Resolution Policy" section of PayPal's User Agreement.  In responding to a customer's first request for information, PayPal will provide the customer with copies of documents it relied on in making its decision to limit access to the customer's account…"

222.      Section III C(4) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will make any funds remaining in a limited account available to customers within 180 days after the account's access is limited, unless PayPal is prevented from releasing the funds in the account by court order, a

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO. 10-CV-01668 JF**

request from a law enforcement agency, other state or federal body, or any foreign government or law enforcement agency…."

223.    Section III C(5) of the Injunctive Relief portion of the settlement reached in *Comb v. PayPal, Inc.*, 218 F.Supp.2d 1165 (N.D.Cal. 2002), states that "PayPal will not request documents from a customer in connection with an account limitation for the purpose of deterring a customer from asserting his or her rights under EFTA."

224.    As fully above, Defendants have repeatedly disregarded and violated the above listed provisions in regards to the Plaintiffs and the members of their Class.

## THIRD CLAIM FOR RELIEF – CONVERSION

225.    Plaintiffs incorporate by reference each paragraph set forth above and assert this cause of action on behalf of themselves and on behalf of the Class alleged herein.

226.    Defendant PayPal has converted for its own use property belonging to Plaintiffs and the members of their Class through unlawful acts and conduct.  The specific sum of each Class member's money that was converted by Defendant PayPal is readily identifiable from information and records in Defendant PayPal's possession or control.

227.    Defendant PayPal knowingly and intentionally transferred or retained money of subscribers and even non-subscribers of their internet service, including Plaintiffs and the members of their Class.  Defendant thus converted to its own use property belonging to Plaintiffs and members of their Class.

228.    The specific sum of each Class member's money that Defendant PayPal converted is readily identifiable from information and records in Defendant's possession or control.

229.    As a direct and proximate result of Defendant PayPal's unlawful acts and conduct, Plaintiffs and the members of their Class were deprived of the use of their money that was unlawfully converted by Defendant, and are thereby entitled to restoration of their money, along

59

1   with interest on the money from the date said money was converted by Defendant to the date of

2   judgment, compensatory damages, punitive damages, and other and further relief as set forth

3   below.

4                    **FOURTH CLAIM FOR RELIEF – MONEY HAD AND RECEIVED**

5        230.    Plaintiffs incorporate by reference each paragraph set forth above and assert this

6   cause of action on behalf of themselves and on behalf of the Class alleged herein.

7

8        231.    As a result of its unlawful acts and conduct, Defendant PayPal acquired monies

9   from Plaintiffs and the members of their Class which Defendant had no right to retain. The

10  specific sum of money unlawfully acquired from each Class member is readily identifiable from

11  information and records in Defendant PayPal's possession or control.

12       232.    Defendant PayPal transferred or retained from subscribers and even non-

13  subscribers of their internet service, including Plaintiffs and the members of their Class, money

14  which they have no right to retain.  Accordingly, Defendant is indebted to Plaintiffs and the

15  members of their Class for money had and received by Defendant.

16

17       233.    As a direct and proximate result of Defendant's unlawful acts and conduct,

18  Plaintiffs and the members of their Class were deprived of the use of their money that was

19  unlawfully charged and collected by Defendant, and are therefore entitled to restoration of their

20  money, and other and further relief as set forth below.

21                    **FIFTH CLAIM FOR RELIEF – UNJUST ENRICHMENT**

22       234.    Plaintiffs incorporate by reference each paragraph set forth above and assert this

23  cause of action on behalf of themselves and on behalf of the Class alleged herein.

24

25       235.    Defendant PayPal has received, and continue to receive, a benefit at the expense of

26  Plaintiffs and the members of their Class by illegitimately withholding money from them and the

27

28

members of their Class and destroying the Plaintiffs' and the members of the Class's businesses and livelihoods.

236.     Defendant PayPal received benefits from the above described actions which they unjustly retained at the expense of Plaintiffs and the members of their Class.

237.     As a direct and proximate result of Defendant PayPal's unlawful acts and conduct, Plaintiffs and the members of their Class were deprived of the use of their money (that was unlawfully transferred and/or retained by Defendant) and are therefore entitled to restoration of their money, and other and further relief as set forth below.

238.     As a direct and proximate result of Defendant PayPal's unlawful acts and conduct, Plaintiffs and the members of their Class were deprived of their business, livelihood, and good will and are therefore entitled to restoration of their money and other and further relief as set forth below.

## SIXTH CLAIM FOR RELIEF – NEGLIGENCE

239.     Plaintiffs incorporate by reference each paragraph set forth above and assert this cause of action on behalf of themselves and on behalf of the Class alleged herein.

240.     Defendant PayPal has an obligation to establish and maintain adequate procedures to avoid the erroneous transfer of funds.  Defendant also has a duty to comply with the EFTA as well as other laws related to the electronic transfer of funds.  Defendant also had a duty to provide Plaintiffs and the members of their Class with readily available information concerning dispute resolution and to create and maintain adequate procedures to accurately resolve disputes over the transfer of funds.

241.     Defendant PayPal breached these obligations by not making dispute resolution information readily available for customers and by making it difficult, if not impossible, for customers to resolve disputes with Defendant in an efficient and appropriate manner.  Defendant

also breached its obligations to Plaintiffs and the members of their Class by failing to establish and maintain adequate procedures concerning the transfer of funds.

242.     As a direct and proximate result of Defendant's conduct, Plaintiffs and the members of their Class have been injured in that they have lost the possession and use of their money and have suffered other adverse financial consequences directly caused by Defendant's improper conduct.  Plaintiffs and the members of their Class pray for relief as set for below.

243.     Defendant PayPal has a duty to not limit or freeze accounts without an adequate investigation and explanation.

244.     Defendant breached this obligations by limiting, freezing, and debiting the accounts of the Plaintiffs and the members of their Class without authorization and without due investigation and explanation.

245.     As a direct and proximate result of Defendant PayPal's conduct, Plaintiffs and the members of their Class have been injured in that they have lost the possession and use of  their business and have suffered other adverse financial consequences directly caused by Defendant's improper conduct.  Plaintiffs and the members of their Class pray for relief as set for below.

**SEVENTH CAUSE OF ACTION**
**(BREACH OF CONTRACT BY DEFENDANT PAYPAL)**

246.     Plaintiffs incorporate by reference each paragraph set forth above and assert this cause of action on behalf of themselves and on behalf of the Class alleged herein.

247.     Pursuant to the general policy of PayPal, the plaintiffs and the other members of the Class, individually entered into a contract with PayPal entitled "User Agreement".

248.     The User Agreement is lawful, enforceable, and binding upon the Parties as it satisfies all the elements necessary for formation of a valid contract.

249.     The Plaintiffs and the other Class members have duly executed the contract by agreeing to it and have performed it by providing their personal and billing information to PayPal.

250.     This User Agreement defined the rights and obligations of PayPal and each respective customer.

251.     Defendant PayPal breached that User Agreement by in the following fashion:  (a) by performing transfers comprising of incorrect amounts to Plaintiffs' PayPal accounts, (b) by performing unauthorized transfers from Plaintiffs' PayPal accounts, (c) by freezing Plaintiffs' accounts indefinitely and preventing Plaintiffs from accessing their money, and (d) by not dully and properly investigating the above violations when they were reported to Defendant PayPal by Plaintiffs.

252.     By virtue of the foregoing, Plaintiffs have been damaged, jointly and severally, for damages in the amount to be ascertained at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, on behalf of themselves and the Class defined herein, Plaintiffs pray for judgment as follows:

a.  For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

b.  For an order declaring that Defendant PayPal violated the Electronic Funds Transfer Act and the *Comb* settlement, as alleged herein;

c.  For an order awarding Plaintiffs and the members of their Class treble, statutory and punitive damages, together with interest thereon;

d.  For an order awarding Plaintiffs and the members of their Class compensatory damages in an amount which may be proven at trial, together with interest thereon;

63

e.  For an order awarding Plaintiffs and the members of their Class restitution of all monies acquired by Defendant from Plaintiffs, the Class, and the general public, as a result of Defendant's wrongful practices described above;

f.  For an order awarding Plaintiff and the members of their Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs;

g.  For an order or judgment finding the arbitration provision in Defendant's User Agreement to be unenforceable;

h.  For an order imposing a constructive trust upon all monies and assets Defendant have acquired from Plaintiffs and the members of their Class as a result of Defendant's unlawful, unfair, fraudulent, and deceptive practices;

i.  For an order awarding Plaintiff and all other similarly situated individuals equitable and declaratory relief, as the Court deems appropriate; and

j.  For an order awarding such other and further relief as this Court may deem just and proper.

## CERTIFICATION OF INTERESTED ENTITIES TO PERSONS

Pursuant to Civil L.R. 3-16, the undersigned attorney certifies that as of this date, other than the named parties, there is no such interest to report.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all causes of action so triable.  Plaintiffs and their class also hereby demand a jury pursuant to the Federal Arbitration Act, 9 U.S.C. § 2 et seq. for those issues regarding arbitration that involve material issues of fact.

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
CASE NO.  10-CV-01668 JF**

1   DATED:        New York, New York
                  March 21, 2010
2

3                                    Respectfully submitted,
                                     MARINA TRUBITSKY & ASSOCIATES, PLLC
4

5                                    By:  /s/ Marina Trubitsky, Esq.

6                                    Marina Trubitsky, Esq.
                                     11 Broadway, Suite 861
7                                    New York, New York 10004
                                     Tel.: (212) 732 – 7707
8                                    Fax: (212) 732 – 7708
                                     *Attorneys for Individual and Representative Plaintiffs*
9
                                     David Hicks, APLC
10                                   David Hicks,
                                     State Bar Numbers: Calif. 053750
11                                   P.O. BOX 562
                                     Dunsmuir, CA 96025
12                                   (530) 235-0235 (telephone)
                                     (530) 239-4301 (facsimile)
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        65                      **PLAINTIFFS' FIRST
                                                                AMENDED COMPLAINT**
                                                                **CASE NO. 10-CV-01668 JF**