UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>**ORDER**<br><br>Dkt. 97, 112, 114 |
| DEVINDA FERNANDO, VADIM TSIGEL, MICHAIL ZINGER, AMY RICKEL, FRED RICKEL, IRA GILMAN, LACY REINTSMA, and SHAUL BEHR on behalf of themselves and all others similarly situated and on behalf of the general public of the United States<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., a Delaware Corporation,<br><br>Defendant. | Case No: C 10-1668 SBA<br><br>**ORDER**<br><br>Dkt. 79 |

The two above-captioned class actions allege that Defendant Paypal, Inc. ("Paypal") engaged in improper practices regarding the handling of class members' Paypal accounts.[1] The plaintiffs in Fernando v. PayPal, Inc., No. C 10-1668 SBA ("Fernando") are represented by solo practitioners Marina Trubitsky and David Hicks, and Joseph Wood of Hennefer Finley & Wood LLC. The plaintiffs in Zepeda v. PayPal, Inc., No. C 10-2500 SBA ("Zepeda") are represented primarily by Mark Todzo of the Lexington Law Group and Jeffrey Leon of the Complex Litigation Group, LLC. The Court deemed the actions related under Civil Local Rule 3-12, but they have not been consolidated under Federal Rule of Civil Procedure 42(a).

Following mediation in 2011, PayPal reached tentative settlement agreements in both cases. According to PayPal and the Zepeda plaintiffs, counsel for the Fernando plaintiffs (i.e., Ms. Trubitsky) began reneging on the terms of the settlement and made "seemingly ever changing demands" on behalf of some of her clients. Zepeda, Dkt. 112 at 5. As a result, counsel for the Zepeda plaintiffs and Paypal decided to proceed separately with the settlement reached at mediation. Id.

Apparently dissatisfied with the decision by PayPal and the Zepeda plaintiffs to proceed with their own settlement without including them, the Fernando plaintiffs began a series of actions seemingly aimed at disrupting the Zepeda settlement. Among other things, on October 3, 2011, the Fernando plaintiffs moved to consolidate the Zepeda and Fernando actions, and to appoint Ms. Trubitsky and Mr. Hicks as interim class counsel. Fernando, Dkt. 40. A week later on October 10, 2011, the Fernando plaintiffs filed a motion to intervene in the Zepeda action and to strike or dismiss the class allegations in Zepeda. Zepeda, Dkt. 66. Alternatively, the motion sought to stay the Zepeda action pending resolution of the Fernando action.

The parties thereafter appeared to have resolved their differences, and stipulated to take the motion to intervene off calendar based on the "tentative resolution" between

---

[1] Both actions were originally assigned to Judge Fogel, and were reassigned to this Court on September 30, 2011, following his departure from this District.

1  PayPal and the Fernando plaintiffs.  Id., Dkt. 75, 76.  The tentative resolution was short-
2  lived, however, and each side now blames the other with breaching their proposed
3  settlement.  Accordingly, the Zepeda plaintiffs have now filed a Motion for Preliminary
4  Approval of Class Action Settlement Agreement, which is set for hearing on December 4,
5  2012.[2]  Zepeda, Dkt. 112.  In turn, the Fernando plaintiffs have filed an administrative
6  motion to "restore" their motion to consolidate and motion to intervene to the Court's law
7  and motion calendar.  Fernando, Dkt. 79.  They request the Court to set the hearing on these
8  motions for December 4, 2012, and further request that the Court resolve their motions
9  prior to adjudicating the Zepeda plaintiff's motion for preliminary approval.

10  Further complicating matters, Ms. Trubitzky and Mr. Wood filed a new class action,
11  styled as Dunkel, et al. v. eBay, Inc., No. C 12-1452 EJD ("Dunkel") on March 22, 2012.[3]
12  The Dunkel plaintiffs have moved to intervene in the Zepeda action, allegedly to protect
13  their interests under the proposed settlement.  See Zepepda, Dkt. 97; Fernando, Dkt. 79.
14  The Dunkel plaintiffs further seek to stay both the Fernando and Zepeda actions.  The
15  motion to intervene was scheduled for hearing on November 13, 2012.  PayPal and eBay
16  have filed an administrative motion to consolidate the hearing on the Dunkel plaintiffs'
17  motion to intervene with the other motions scheduled for hearing on December 4, 2012.
18  Zepeda, Dkt. 114.

19  The Court has serious concerns regarding the conduct of counsel in this action—
20  particularly the actions of Ms. Trubitzky and Mr. Wood.  There is no indication that either
21  of them met and conferred in good faith with opposing counsel prior to filing any of the
22  motions referenced above.  The failure to meet and confer prior to filing any request with
23  the Court constitutes a violation of this Court's Standing Order with which all parties are

---

[2] eBay, Inc. ("eBay") was recently joined as a party-defendant in the Zepeda action in the Second Amended Complaint filed on October 9, 2012.  The settlement agreement purports to release claims against both PayPal and eBay.

[3] The Dunkel action is pending before Judge Davila.

expected to abide.[4] Moreover, it is apparent that Ms. Trubitzky and Mr. Wood have multiplied the proceedings through their efforts to disrupt the Zepeda settlement as well as commencing a new lawsuit in this Court, i.e., the Dunkel action. That notwithstanding, the Court finds that it is in all parties' interest to reach a global resolution of the instant actions. Therefore, before the Court will consider any of the plethora of motions and related requests that have been filed, the parties must first participate, in good faith, in a settlement conference before a magistrate judge of this Court. Accordingly,

IT IS HEREBY ORDERED THAT:

1. The above-captioned actions are REFERRED to Magistrate Judge Nathanael Cousins for a mandatory settlement conference to take place within 60 days of the date this Order is filed.

2. Plaintiffs' Administrative Motion to Restore Plaintiffs' Motion to Intervene and Plaintiffs' Motion to Consolidate to the Court's Active Calendar (Fernando, Dkt. 79), Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement (Zepeda, Dkt. 112), Plaintiffs' Motion to Intervene and for a Stay of Both Proceedings (Zepeda, Dkt. 97), and Defendants' Motion for Administrative Relief to Consolidate Hearing on Motion to Intervene and for a Stay of Proceedings with Motion for Preliminary Approval (Zepeda, Dkt. 114) are DENIED without prejudice to renewal in the event the parties fail to resolve their disputes at the settlement conference. The motion hearings scheduled for November 6, 2012 and December 4, 2012 are VACATED.

---

[4] The Court's Standing Orders provide: "All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement. The Court may disregard any papers submitted that do not comply with this rule." Dkt. 42 at 2.

IT IS SO ORDERED.

Dated: November 26, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge