<table>
<tr><td>

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

</td><td>

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER DENYING PUTATIVE INTERVENOR RICHARD BURGESS'S MOTION FOR RECONSIDERATION**<br><br>Dkt. 128 |

     Reginald Burgess ("Burgess"), who is not a party to the above-captioned case, previously filed three pro se requests: (1) a Notice of Appearance and Request for Service (Dkt. 119); (2) a Request to be Heard re Docket Item 114 (Dkt. 120); and (3) a Request to Intervene as Member of Protected Class and to Join Pending Motion re: Docket Item 38 (Dkt. 121). On December 3, 2012, the Court issued an order denying the aforementioned motions "without prejudice to renewal in the event the action is not settled at the forthcoming settlement conference scheduled before Magistrate Judge Nathanael Cousins." Dkt. 125 at 2. The settlement conference currently is scheduled for February 7, 2013. Dkt. 127.

</td></tr>
</table>

Burgess has now filed a motion to reconsider the Court's prior order, and specifically requests that the Court allow him to intervene "so he may participate in the settlement efforts." Mot. at 13. However, before filing a motion for reconsideration, the movant must first seek leave to do so under Civil Local Rule 7-9. Burgess has not complied with this requirement and the instant motion otherwise fails to make the requisite showing under Local Rule 7-9. The Court may summarily deny motions that are not filed in compliance with the Court's local rules. See Tri-Valley CAREs v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). The fact that Burgess is pro se does not excuse his compliance with the procedural rules of this Court. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

Even if Burgess's motion for reconsideration were properly before the Court, it fails to articulate compelling grounds for reconsideration. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Here, Burgess's motion makes no showing under any of those grounds. Rather, he asserts that the Court should allow him to intervene and participate in the settlement conference in order to express opinions regarding the possible terms of a global settlement. However, any concerns or suggestions Burgess may have are better expressed to the attorneys representing the plaintiffs, as opposed to the Court's authorizing his direct participation at the settlement conference—particularly since Burgess is not an attorney. Accordingly,

IT IS HEREBY ORDERED THAT Burgess's motion for reconsideration is DENIED. This Order terminates Docket 128.

IT IS SO ORDERED.

Dated: December 13, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28