IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES ZEPEDA, and others,<br>    Plaintiffs,<br>v.<br>PAYPAL, INC., and others,<br>    Defendants. | No. 10-cv-02500 SBA<br>No. 10-cv-01668 SBA<br><br>**ORDER TO SHOW CAUSE**<br><br>Hearing:<br>March 20, 2013, 3:00 p.m.<br>Courtroom A, San Francisco<br>Personal Appearance of Attorney<br>Marina Trubitsky Required |
| DEVINDA FERNANDO, and others,<br>    Plaintiffs,<br>v.<br>PAYPAL, INC.<br>    Defendant. | |

Attorney Marina Trubitsky and the plaintiffs in the *Fernando* action are ordered to show cause why (1) the *Fernando* case should not be dismissed, (2) civil sanctions should not be imposed against them, (3) a payment of reasonable expenses, including attorneys' fees, of other participants in the court-ordered settlement conference should not be awarded, and (4) the *pro hac vice* admissions of attorney Trubitsky to this Court should not be revoked; all due to the *Fernando* plaintiffs' failure to prosecute and failure to comply with Court rules and orders.

This order arises from a Court-ordered settlement conference on February 7 and 8, 2013, in these two related class action cases, *Fernando* and *Zepeda*. *See Fernando* Dkt. No. 36, 8/31/2011, order relating cases; *Fernando* Dkt. No. 84, 11/27/2012 order setting

settlement conference.[1]

As background, attorney Trubitsky applied for, and was granted permission, to appear before this Court on a *pro hac vice* basis as lead counsel for the *Fernando* plaintiffs. *Fernando*, Dkt. Nos 31, 35. She asserted that she was an active member in good standing of the bar of the State of New York. Dkt. No. 31. In her application to this Court, Trubitsky agreed to abide by the Standards of Professional Conduct set forth in Civil Local Rule 11-4. *Id.* Those standards include: (i) complying with the standards of professional conduct required of members of the State Bar of California; (ii) complying with the Local Rules of this Court; and (iii) practicing with the honesty, care, and decorum required for the fair and efficient administration of justice.

In addition, Civil Local Rule 11-4(c) prohibits *ex parte* communication between an attorney or party and the Court, without prior notice to opposing counsel. There are exceptions. For example, a party or counsel may communicate with a Courtroom Deputy about scheduling. Local Rule 11-4 commentary. This Court also permits any party to a settlement conference to submit *ex parte* by email "an additional confidential" settlement statement, in addition to the settlement statement that must be served on the other parties. *See Fernando*, Dkt. No. 84-1.

In this case, attorney Trubitsky and the *Fernando* plaintiffs have failed to abide by Court rules and orders as follows:

1. Trubitsky, after attending the first day of the settlement conference, failed to appear at the second day scheduled for February 8, 2013 at 9:30 a.m. *Fernando/Zepeda* defendants and their attorneys (from Los Angeles); *Zepeda* counsel Jeff Leon (from Chicago); *Fernando* local counsel David Hicks; and *Dunkel* local counsel Joseph Wood were present. At 8:51 a.m. on February 8, the Court received an email from a legal

---

[1] A third case, *Dunkel v. eBay, Inc.*, No. 12-cv-1452 EJD, has been determined as *not* related to *Fernando/Zepeda* under the applicable rules, *see Dunkel*, Dkt. No. 44, 11/30/2012 order determining cases not related. The *Dunkel* case is relevant because attorney Trubitsky is also lead counsel in that case. The *Dunkel* case has not been referred for settlement and the defendants' attorneys in *Dunkel* were not present at the settlement conference.

ORDER TO SHOW CAUSE
10-cv-02500 SBA; 10-cv-01668 SBA 2

assistant in Trubitsky's office stating that Trubitsky would not be able to attend. It is unknown to the Court whether, when, and how, Trubitsky communicated her expected non-appearance to her opposing counsel and co-counsel and clients. The other parties and counsel, however, stayed in San Francisco on the night of February 7 and appeared on February 8 in good faith reliance on the belief that Trubitsky would be present to negotiate a possible settlement of the cases. Without Trubitsky, the settlement conference could not succeed.

2. The *Fernando* plaintiffs did not appear at the settlement conference on February 7 and 8. This Court's Settlement Conference Standing Order, served on the parties on November 27, 2012, requires that "All parties and their counsel are required to attend the settlement conference in person, not by telephone." *Fernando*, Dkt. No. 84-1. The *Fernando* plaintiffs did not file a motion before the settlement conference seeking exception from this requirement. The non-appearance of the clients is significant, because the Court questions whether attorney Trubitsky has authority to settle the *Fernando* case on behalf of each of the named plaintiffs. On February 8, with no plaintiffs, and no plaintiffs' lead counsel, the settlement conference failed.

3. Attorney Trubitsky, or someone from her office, has sent multiple *ex parte* emails to the Court before and after the settlement conference. Trubitsky has not requested leave to make these communications *ex parte*. The Court is not aware that Trubitsky has provided notice of these communications to the other parties. Some of these communications offer explanations for Trubitsky's failure to appear. Yet Trubitsky may believe that these communications are shielded by a privilege. Whatever the explanation may be, the *ex parte* communications are not invited and are not permissible. Trubitsky and her firm are to make no further *ex parte* communications with the Court without advance leave.

///

## LEGAL AUTHORITY TO DISMISS AND SANCTION

The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Delay in reaching the merits of a case, either by way of settlement or adjudication, is costly in both time and money for the courts. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

Various court rules provide mechanisms to enforce the just, speedy, and inexpensive determination of every action. Rule 41 provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. "The district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution" under Rule 41(b). *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Rule 16(f) also permits courts to dismiss an action *sua sponte* for failure to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see also PPA Products Liab. Litig.*, 460 F.3d at 1227. Rule 16 allows district courts to direct parties and their attorneys to appear before it at a pretrial conference, one of the purposes of which is to facilitate settlement. Under Rule 16(f)(1), the Court on its own motion may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if: (A) a party or its attorney fails to appear at a pretrial conference; (B) does not participate in good faith in a conference; or (C) fails to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f).

The Court's discretion to impose sanctions under Rule 16(f) is broad, even where the parties' noncompliance was unintentional or negligent. *See, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming Rule 16 sanctions imposed on a party for unintentionally failing to attend a scheduled mediation due to an incapacitating headache); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him.").

Violations of Rule 16 are, therefore, not merely technical or trivial, but involve a matter critical to the court itself: management of its docket and the avoidance of unnecessary difficulties in the administration of its cases. *PPA Prods. Liab. Litig.*, 460 F.3d at 1234.

Where a litigant's "disobedient conduct" rises to the level of "willfulness, bad faith, or fault," meaning the conduct has not been shown "to be outside the control of the litigant," dismissal may be appropriate for a violation of a pretrial order under Rule 16. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946-48 (9th Cir. 1993). Given the severity of a dismissal sanction, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

**NOTICE OF POSSIBLE SANCTIONS**

The *Fernando* plaintiffs and attorney Trubitsky are on notice that the Court considers ordering the following sanctions against them due to the their failure to prosecute and failure to comply with Court rules and orders:

1. Recommending to District Court Judge Armstrong the dismissal of the *Fernando* case, with prejudice.

2. Imposing against *Fernando* plaintiffs and counsel all permissible civil sanctions.

3. Ordering *Fernando* plaintiffs and attorney Trubitsky to reimburse the reasonable expenses, including attorneys' fees, of all other participants in the court-ordered settlement conferences on February 7 and 8.

4. Revoking the *pro hac vice* admission of attorney Trubitsky to this Court in *Fernando* and *Zepeda* and recommending the revocation of her *pro hac vice* admission in *Dunkel*.

///

**RESPONSE REQUIRED**

1. By February 21, 2013, Trubitsky must provide a copy of this Order to Show Cause to each of the named plaintiffs in *Fernando* and *Dunkel*.

2. By February 28, 2013, the other participants in the February 7 and 8 settlement conferences must each file and serve a statement setting forth their reasonable expenses, including attorneys' fees, incurred in attending the settlement conferences, if they wish to be reimbursed for those expenses. To the extent practicable, the statements should distinguish costs and fees incurred for February 7 and 8.

3. By March 7, 2013, Trubitsky must file a declaration under penalty of perjury stating that she complied with Response Required Number 1.

4. By March 7, 2013, Trubitsky and the *Fernando* plaintiffs must file and serve a response to this Order to Show Cause. Any facts asserted must be supported by declaration under penalty of perjury. To the extent Trubitsky wishes the Court to rely upon *ex parte* emails that were previously sent to the Court, she should file those emails, as well as a declaration explaining who sent and received the emails, and when they were sent. Trubitsky may file the email responses received from the Court. If there is medical information that Trubitsky wishes to be filed under seal, she must file a motion requesting leave to file under seal. The Court will be looking carefully for corroboration of facts asserted by Trubitsky.

5. By March 14, 2013, defendants and the *Zepeda* plaintiffs may reply to this Order to Show Cause if they wish to do so.

6. The Court will hold a hearing on March 20, 2013, 3:00 p.m., in Courtroom A, San Francisco. The personal appearance of attorney Trubitsky is required.

**IT IS SO ORDERED.**

Dated: February 14, 2013

NATHANAEL COUSINS
United States Magistrate Judge

ORDER TO SHOW CAUSE
10-cv-02500 SBA; 10-cv-01668 SBA          6