1

2

3         UNITED STATES DISTRICT COURT

4     FOR THE NORTHERN DISTRICT OF CALIFORNIA

5               OAKLAND DIVISION

6

7   MOISES ZEPEDA, MICHAEL SPEAR,          Case No:  C 10-2500 SBA
    RONYA OSMAN, BRIAN PATTEE,
    CASEY CHING, DENAE ZAMORA,             **ORDER DENYING (1) MOTION TO**
8   MICHAEL LAVANGA, and GARY              **INTERVENE AND AMEND**
    MILLER, on behalf of themselves and all **COMPLAINT, (2) MOTION FOR**
9   others similarly situated,             **ADMINISTRATIVE RELIEF TO**
                                           **MODIFY BRIEFING SCHEDULE**
10                                         **ON MOTION TO INTERVENE AND**
                  Plaintiffs,              **AMEND COMPLAINT AND (3)**
11                                         **ADMINISTRATIVE MOTION TO**
           v.                              **CONTINUE THE CASE**
12                                         **MANAGEMENT CONFERENCE**
    PAYPAL, INC., E-BAY INC., and DOES 1
    through 10, inclusive,                 Dkt. 149, 154, 155
13
                  Defendants.
14

15

16         This is a putative class action which seeks to challenge certain business practices by

17   eBay, Inc., and PayPal, Inc. The parties are before the Court on the following motions: (1)

18   Reginald Burgess and Amy and Fred Rickel's Motion to Intervene and Amend Complaint,

19   Dkt. 149; (2) Defendants' Motion for Administrative Relief to Modify Briefing Schedule

20   on Motion to Intervene and Amend Complaint, Dkt. 154; and (3) Reginald Burgess, Lacy

21   Reintsma, and Amy and Fred Rickel's Administrative Motion to Continue the Case

22   Management Conference, Dkt. 155.  Having read and considered the papers submitted, as

23   well as the file in the action, the Court DENIES all of the foregoing motions.

24   I.    **DISCUSSION**

25         A.    **MOTION TO INTERVENE AND AMEND COMPLAINT**

26         On April 22, 2013, non-party Reginald Burgess ("Burgess") filed a document styled

27   as Notice of Appearance & Joinder of Class Member Reginald Burgess as an Indispensable

28   Party of Right to Appear ("Notice of Appearance").  Dkt. 142.  According to Burgess, the

purpose of the Notice of Appearance was to establish himself as a party-plaintiff in this matter.  The Court construed the Notice of Appearance and an improper request to intervene, and struck said document without prejudice to filing a noticed motion to intervene.  Dkt. 147.  The Court explained: "To the extent Burgess desires to intervene in the action, he must first meet and confer with the parties regarding his request.  If no stipulation is reached, Burgess may file a noticed motion to intervene in the manner permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court."  Id. at 3.

On May 1, 2013, Burgess, along with Fred and Amy Rickel (collectively "Interveners"), filed a noticed Motion to Intervene and Amend Complaint, in which they seek leave to intervene and to file an amended complaint.  Dkt. 149.[1]  The motion avers that the present pleadings inadequate and that new counsel—presumably Mr. Skelly—should be appointed to replace the present Plaintiffs' counsel.  In an apparent attempt to comply with the meet and confer requirement, Interveners confusingly state:  "Meet and Confer email was sent to all counsel by third party certified email asking if they would join or oppose as a meet and confer effort on 4/19/13 to a reply on April 25, 2013 that eBay will oppose the motion to amend the complaint."  Dkt. 130 at 2.[2]  The Court finds that this certification fails to comport with the Court's meet and confer requirement.

The Standing Orders of this Court require the parties to meet and confer prior to filing any motion.  That rule states:

> All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement. The Court may disregard any papers submitted that do not comply with this rule.

---

[1] Amy and Fred Rickel are plaintiffs in the related action, Fernando v. PayPal, Inc., No. C 10-1668 SBA.  Attorney Garrett Skelly, the attorney who filed the instant motion, is *not* counsel of record for the Rickels in the Fernando action.

[2] The meaning of a "third party certified email" is unclear.

Civil Standing Orders ¶ 5; Dkt 42 at 2, 5.  The purpose of this requirement is to ensure that the particular relief requested in a motion, in fact, requires judicial intervention.  As this Court recently explained:

> The meet and confer requirement is essential to conserving the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions. Had the parties met and conferred as required, they may have been able to resolve some or all of the various issues presented in Defendant's motion. "The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources."

Raifman v. Wachovia Sec., LLC, No. C 11-2885 SBA, 2013 WL 949255, *1 (N.D. Cal., Mar. 11, 2013) (quoting in part Wong v. Astrue, No. C 08-2432 SBA, 2008 WL 4167507, *2 (N.D. Cal. Sept. 8, 2008)).

In this case, Interveners simply emailed the other parties to inquire whether they opposed their motion.  Such action fails to satisfy the Court's meet and confer requirement. Rather, Interveners must engage the other parties in a meaningful dialogue to determine whether there is, in fact, a controversy—or whether there is another mutually agreeable course of action that will address the movants' concerns without the need for motion practice.  The ideal manner of conducting a good faith meet and confer is to discuss the matter in person or by telephone.  Correspondence sometimes may suffice, provided that the parties present their views in a meaningful and productive manner.  Since Interveners have yet to meet and confer with the other parties in a meaningful manner, the Court DENIES the motion without prejudice to renewal after Interveners first meet and confer with *all parties* in a good faith effort to resolve the matter without the need for judicial intervention.

**B.    MOTION TO MODIFY BRIEFING SCHEDULE**

Defendants have filed an administrative motion to continue the deadline to respond to the aforementioned Motion to Intervene and Amend Complaint until after the Case Management Conference scheduled for May 16, 2013.  Dkt. 154.  In light of the Court's

1   denial of the motion to intervene and amend, Defendants' administrative motion is

2   DENIED as moot.

3       **C.    MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**

4       Burgess, the Rickels and Lacy Reintsma[3] move to continue the Case Management

5   Conference scheduled for May 16, 2013, until after the Court rules on their motion to

6   intervene and amend.  Since none of the movants are party-plaintiffs in this action, they

7   lack standing to request a continuance.  In any event, their motion to continue is moot given

8   the Court's ruling on said motion.  Accordingly, the Court DENIES the motion to continue

9   the Case Management Conference.

10  **II.    CONCLUSION**

11      For the reasons stated above,

12      IT IS HEREBY ORDERED THAT the Motion to Intervene and Amend Complaint,

13  Motion for Administrative Relief to Modify Briefing Schedule on Motion to Intervene and

14  Amend Complaint and Administrative Motion to Continue the Case Management

15  Conference are DENIED, as set forth above.  This Order terminates Docket 149, 154 and

16  155.

17      IT IS SO ORDERED.

18  Dated:  May 14, 2013                    _____

19                                          SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

20

21

22

23

24

25

26

27  N:\K…\Civil\10-2500 - Zepeda - Order 051413.docx

28  _____
    [3] Ms. Reintsma is a party-plaintiff in the <u>Fernando</u> action.