UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEVINDA FERNANDO, VADIM SIGEL, MICHAIL ZINGER, AMY RICKEL, FREDRICKEL, IRA GILMAN, LACY REINTSMA, and SHAUL BEHR on behalf of themselves and all others similarly situated and on behalf,<br><br>Plaintiffs,<br><br>vs.<br><br>PAYPAL, INC., a Delaware corporation,<br><br>Defendant. | Case No: C 10-1668 SBA<br><br>Related to:<br>Case No. C 10-2500 SBA<br><br>**ORDER RE VARIOUS MOTIONS**<br><br>Docket 121, 22, 133, 141, 143, 154 |

Plaintiffs Devinda Fernando, Ira Gilman, Vadim Tsigel, Shaul Behr, Michail Zinger, Amy Rickel, Fred Rickel and Lacy Reintsma bring the instant putative class action against PayPay, Inc. ("PayPal") based on its allegedly improper administration and/or handling of disputed transactions relating to Plaintiffs' PayPal accounts. Attorneys Marina Trubitsky ("Trubitsky") and David Hicks ("Hicks") are counsel of record for Plaintiffs. However, attorney Garrett Skelly ("Skelly") claims that he now represents three Plaintiffs—Amy Rickel and Fred Rickel (collectively "the Rickels"), and Lacy Reintsma ("Reintsma")—as well as two non-party putative class members, Reginald Burgess ("Burgess") and Caleb Reintsma ("Caleb").

The parties are presently before the Court on the following matters:

(1) Burgess' Notice of Appearance & Joinder of Class Member Reginald Burgess as an Indespensible [sic] Party of Right to Appear, Dkt. 121;

(2) Burgess' Motion to Intervene and Revoke *Pro Hac Vice* Status of Marina Trubitsky, Dkt. 122;

(3) Burgess, Reinstma and the Rickels' Motion to Intervene to Enforce Comb v. Paypal 2004 Settlement and Order Appearance of the Court Appointed Enforcement Officer, Girard Gibbs LLP, Dkt. 133;

(4) Burgess, Reinstma and the Rickels' Administrative Motion to Continue/Postpone Ruling on Motion to Intervene and Revoke *Pro Hac Vice* Status of Marina Trubitsky to July 2, 2013, Dkt. 141;

(5) Burgess, Reinstma and the Rickels' Motion to Intervene and Disqualify David Hicks and/or Joseph Wood as *Pro Hac Vice* Sponsor - Marina Trubitsky, Dkt. 143; and

(6) Caleb's Notice of Appearance of California Counsel, Dkt. 154.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby STRIKES the putative notices of appearance filed by Burgess and Caleb, and DENIES the remaining motions without prejudice. The Court temporarily stays the action pending Magistrate Judge Nathanael Cousin's ruling on his Order to Show Cause ("OSC") issued on February 14, 2013. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. PRIOR PROCEEDINGS

This case has a long and tortured history, which is summarized herein only to the extent it is relevant to the pending motions. The operative pleading in this case is the First Amended Complaint ("FAC") filed on March 22, 2011, by attorneys of record Hicks and Trubitsky. Dkt. 23.[1] This action is related to Zepeda, et al. v. eBay, Inc., et al., No. C 10-2500 SBA ("the Zepeda action), which was filed by a different set of plaintiffs and attorneys and involves both PayPal and eBay, Inc. ("eBay"), as party-defendants.

---

[1] Trubitsky purports to be a member of the New York state bar. Judge Jeremy Fogel, who previously presided over this case until his departure from the bench, granted her request to be admitted to the Court *pro hac vice* on August 29, 2011. Dkt. 35.

- 2 -

Initially, it appeared that the parties had reached a global settlement in both this and the Zepeda action. However, disagreements over the settlement terms led to each side accusing the other of reneging on their agreement. As a result, eBay and PayPal and the Zepeda Plaintiffs separately reached a settlement of that action and moved for preliminary approval of the settlement by the Court. In the meantime, the Plaintiffs in this action, led principally by Trubitsky, sought to interfere with the approval of that settlement by seeking to intervene in the Zepeda action and striking the class allegations, to consolidate the two actions and to have herself and Hicks appointed as interim class counsel in the consolidated action. In addition, Trubitsky and another attorney, James Wood ("Wood"), filed a new putative class action against eBay, styled as Dunkel v. eBay, Inc., No. C 12-1452 EJD ("the Dunkel action").

On November 27, 2012, the Court denied the Zepeda Plaintiffs' motion for preliminary approval as well as all of the Fernando Plaintiffs' motions, and ordered the parties in both cases to participate in a mandatory settlement conference before Magistrate Judge Nathanael Cousins. Dkt. 82.[2] Upon receiving the referral, Magistrate Judge Cousins scheduled a mandatory settlement conference to take place on February 7, 2013. Dkt. 88. The settlement conference proceeded as scheduled on February 7, 2013, with the parties' counsel in attendance. Dkt. 95. The Court ordered all parties to return the following morning for a further settlement conference. Id.

Trubitsky failed to appear for the further settlement conference on February 8, 2013, as ordered. Dkt. 96. As a result, on February 14, 2013, Magistrate Judge Cousins issued an OSC in this action based on "the Fernando plaintiffs' failure to prosecute and failure to comply with Court rules and orders." See OSC at 1, Dkt. 100. Specifically, the OSC

---

[2] Acting pro se, Burgess moved, *inter alia*, to intervene in the Zepeda action and demanded leave to personally participate in the settlement conference. The Court denied Burgess' request initially and on reconsideration. Dkt. 89. In an apparent attempt to circumvent the Court's rulings, Burgess unilaterally submitted a settlement conference statement to Magistrate Judge Cousins and requested leave to intervene for the purpose of participating in the settlement conference. Dkt. 91. Citing this Court's rulings on Burgess' requests to intervene, Magistrate Judge Cousins issued an Order stating that he would disregard Burgess' statement. Id.

1  directed Trubitsky and the Plaintiffs in this case to show cause why: (1) this case should
2  not be dismissed; (2) civil sanctions should not be imposed against them; (3) they should
3  not be required to pay reasonable expenses, including attorneys' fees, to the other
4  participants in the Court-ordered settlement conference; and (4) the *pro hac vice* admission
5  of Trubitsky should not be revoked. Id. Magistrate Judge Cousins held a hearing on the
6  OSC on March 20, 2013 and took the matter under submission. Dkt. 119. The OSC
7  remains pending.

**B.   FILINGS BY ATTORNEY GARRETT SKELLY**

Although Magistrate Judge Cousins has yet to issue an order on his OSC, Attorney Skelly has filed numerous motions and other documents in this action ostensibly on behalf of non-parties Burgess and Caleb as well as Plaintiffs Reinstma and the Rickels.[3]

With regard to Burgess and Caleb, both claim they are class members and have filed notices of appearance which identify Skelly as their attorney. Dkt. 121, 154.

On April 29, 2013, Burgess filed an administrative motion to intervene and to revoke the *pro hac vice* status of Trubitsky. Dkt. 122.

On May 3, 2013, Burgess, Lacy Reintsma and the Rickels filed a motion to intervene and to enforce the settlement agreement reached in Comb v. PayPal, Inc., Nos. C 02-1227 JF, C 02-2777 JF. Dkt. 133. This motion appears to relate to the second cause of action in the FAC, which alleges that PayPal violated the terms of the settlement in the Combs case. See FAC ¶¶ 215-224.

---

[3] Skelly claims that Reinstma and the Rickels have signed his retainer agreements and that he has assumed their representation in this matter. Although Skelley has filed a notice of appearance for these particular individuals, see Dkt. 128, 129, 135, he has not filed a substitution of attorneys indicating that they are no longer represented by Trubitsky and Hicks. In addition, Trubitsky and Hicks cannot withdraw their representation of these three Plaintiffs absent a Court order, which has neither been sought nor issued. See Civ. L.R. 11-5.

On May 6, 2013, Burgess, Lacy Reintsma and the Rickels filed an administrative motion to postpone the resolution of Burgess' motion to revoke Trubitsky's *pro hac vice* status until the Court rules on their other motions. Dkt. 141.[4]

Lastly, on May 9, 2013, Burgess, Reintsma and the Rickels filed a motion to intervene and to disqualify Woods and/or Hicks based on their alleged misconduct in aiding Trubitsky in the unauthorized practice of law. Dkt. 143.[5]

## II. DISCUSSION

### A. NOTICES OF APPEARANCE

#### 1. Burgess

On April 22, 2013, Skelly, acting on behalf of Burgess, filed a Notice of Appearance & Joinder of Class Member Reginald Burgess as an Indespensible [sic] Party of Right to Appear ("Notice"). Dkt. 121. Burgess claims that by filing his Notice, he automatically is transmuted into a party-plaintiff. Notice at 3. The Court disagrees. "In general, a 'party' to litigation is one by or against whom a lawsuit is brought, . . . or one who becomes a party by intervention, substitution, or third-party practice[.]" Smith v. Bayer Corp., 131 S.Ct. 2368, 2379 (2011) (internal quotations, alterations and citations omitted). "A nonnamed class member is not a party to the class-action litigation before the class is certified." Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1349 (2013) (internal quotations, brackets and citations omitted). Here, no class has been certified and there has been no prior order permitting Burgess' joinder or intervention. Thus, at this juncture, Burgess remains a non-party to this action.

Burgess argues that his joinder in the action is automatic under Federal Rule of Civil Procedure 19. See Notice at 3. Not so. Joinder under Rule 19 is accomplished through a motion filed by an existing party. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may bring a Rule 19 motion"). In the absence of such a

---

[4] Attorney Skelly also has filed a plethora of motions in both the Zepeda action and the Dunkel action.

[5] Woods is counsel of record in the Dunkel case, not this action.

motion, the proper procedure for a non-party to become a party is to file a noticed motion to intervene under Rule 24. See Thompson v. Boggs, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (noting that the court was unaware of any case where "a court granted a motion to join made by a non-party to the lawsuit" and that "the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24."); see also Schwarzer, Tashima & Wagstaffe, Fed. Civ. P. Before Trial § 7:165 at 7-64 (TRG 2011) ("Nonparties may be joined as parties to an existing action under appropriate pleadings filed by those already parties. [¶] But this procedure cannot be utilized by an outsider. Nonparties must seek leave to intervene under [Federal Rule of Civil Procedure 24].").

Though not mentioned by Burgess, the Court notes that Rule 21 of the Federal Rules of Civil Procedure permits a district court to "*sua sponte* join a party for good cause." Arrow, 55 F.3d at 409. The circumstances where the *sua sponte* addition of a party is appropriate, however, are generally limited to situations where the addition is necessary to promote judicial economy and the efficient administration of justice. See Official Committee of Unsecured v. Shapiro, No. Civ. A 99-526, 2000 WL 32072, *2 (E.D. Pa., Jan. 7, 2000); e.g., Mathis v. Bess, 761 F. Supp. 1023, 1026 (S.D.N.Y. 1991) ("Courts may join new parties as plaintiffs sua sponte in order to prevent defendants from being subjected to . . . multiple lawsuit[s] over the same issues."). In this case, good cause to add Burgess as a party *sua sponte* is not apparent from his Notice.

Finally, Burgess asserts that his joinder and "right to appear" in this action is set forth in Rule 23(c)(2)(B)(iv). See Notice at 3. Rule 23(c)(2)(B)(iv) specifies that *after* a class has been certified under Rule 23(b)(3), notice must be disseminated to class members advising them of their right, *inter alia*, to "enter an appearance through an attorney if the member so desires[.]" Fed. R. Civ. P. 23(b)(2)(B)(iv). Under this provision, "[a] class member may elect to enter an individual appearance when he or she feels, for any reason, that his or her interest is not being adequately represented by the class representatives or by class counsel . . . ." 5 James Wm. Moore et al., Moore's Fed. Practice §23.104[2][a][ii] (3d ed. 2013). However, since no class has been certified in this case, the right of a class

1 member to enter an appearance through counsel has not yet ripened. Even if this case were
2 post-certification, the right to enter an appearance through counsel is not coextensive with
3 the rights afforded through intervention. See Hofstetter v. Chase Home Finance, LLC, No.
4 C 10-1313 WHA, 2011 WL 5415073, *2 (N.D. Cal. Nov. 8, 2011) (discussing the
5 distinction between the right to appear under Rule 23(c)(2)(B)(iv) with a request to
6 intervene, which is governed by Rule 24); see also Moulton v. U.S. Steel Corp., 581 F.3d
7 344, 353 (6th Cir. 2009) (holding that under Rule 23(c)(2)(B)(iv), a district court may
8 properly limit a class member's attorney's "involvement in the lawsuit").

In sum, the Court finds that Burgess' Notice, to the extent it purports to establish himself as a party-plaintiff in this action, is improper. Accordingly, the Court orders the Notice stricken from the record.

### 2. Caleb Reintsma

On May 15, 2013, Skelly filed a notice of appearance on behalf of Caleb, who is identified therein as a class member. Dkt. 154. As discussed, since there has been no class certification in this action, Caleb is not considered a party to these proceedings. In addition, leave to intervene has neither been sought nor granted on behalf of Caleb. As such, his notice of appearance is both improper and premature. Accordingly, the Court orders Caleb's notice of appearance stricken from the record.

### B. REMAINING MOTIONS

Burgess, Reinstma and the Rickels have filed various motions which seek to "disqualify" Trubitsky and Hicks as counsel for Plaintiffs in this action, to revoke Trubitsky's *pro hac vice* status, and to enforce the Combs v. PayPal settlement. Setting aside the issue of whether Skelly may properly file motions on behalf of certain Plaintiffs who are already represented by counsel of record, the Court finds these motions premature. At present, Magistrate Judge Cousins is considering various issues, including whether this action should be dismissed under Rule 41(b) and whether Trubitsky's *pro hac vice* status should be revoked. As such, his forthcoming Order on the OSC could very well moot some or all of the issues presented in the pending motions. Thus, rather than addressing Burgess,

Reinstma and the Rickels' various motions at this juncture, the Court finds that, in the interests of judicial economy and substantial justice, the better course of action is to defer consideration of the aforementioned motions and temporarily stay this action until Magistrate Judge Cousins issues his Order on the matters raised in his OSC. See <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 255 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1111 (9th Cir. 2005) ("[A] trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").[6]

## III. CONCLUSION

For the reason stated above,

IT IS HEREBY ORDERED THAT:

1. The notices of appearances filed by Reginald Burgess and Caleb Reintsma (Dkt. 121, 154) shall be STRICKEN from the record.

2. Burgess' Motion to Intervene and Revoke *Pro Hac Vice* Status of Marina Trubitsky (Dkt. 122), Burgess, Reinstma and the Rickels' Motion to Intervene to Enforce <u>Comb v. Paypal</u> 2004 Settlement and Order Appearance of the Court Appointed Enforcement Officer, Girard Gibbs LLP (Dkt. 133), Burgess, Reinstma and the Rickels' Administrative Motion to Continue/Postpone Ruling on Motion to Intervene and Revoke *Pro Hac Vice* Status of Marina Trubitsky to July 2, 2013 (Dkt. 141), and Burgess, Lacy Reinstma and the Rickels' Motion to Intervene and Disqualify David Hicks and/or Joseph

---

[6] Since Magistrate Cousins' ruling is expected shortly, it is unlikely that a brief stay of the proceedings will result in any inequity or hardship to any party. <u>Levya v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1979) (a "stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). In the event that any party believes that he or she is unduly prejudiced by the temporary stay, such party may move to lift the stay.

Wood as *Pro Hac Vice* Sponsor - Marina Trubitsky (Dkt. 143) are DENIED without prejudice.

  3. Before filing any motion or request on behalf of Burgess, Caleb, Reintsma, the Rickels or anyone else, attorney Garrett Skelly must first meet and confer in good faith with all other parties in person or by telephone and then seek prior leave of Court.  Any request for leave shall be governed by Civil Local Rule 7-11, which governs motions for administrative relief.  The Court may disregard and/or strike any motion or request which does not comport with this requirement or any other Order, Federal Rule of Civil Procedure or Local Rule.

  4. The instant action is temporarily STAYED pending Magistrate Judge Cousins' issuance of an Order on the pending OSC.

  5. This Order terminates Docket 122, 133, 141 and 143.

  IT IS SO ORDERED.

Dated: May 22, 2013

              _____
              SAUNDRA BROWN ARMSTRONG
              United States District Judge

Document1