Garrett Skelly (SBN 94895)
160 Centennial Way Ste 21
Tustin, CA 92780
Phone (714) 730-3708
Fax (714) 730-3708
Email garrettgskelly@aol.com

Attorney for: Reginald Burgess, Lacy & Caleb Reintsma, Amy & Fred Rickel and Collete Tapia

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DEVINDA FERNANDO, VADIM TSIGEL on behalf of themselves and all others similarly situated and on behalf of the general public of the United States,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY, INC., a foreign corporation, PAYPAL, INC., a Delaware corporation<br><br>Defendants. | Case No. 10-cv-01668 SBA<br>[related to 10-cv-02500 SBA ]<br><br>**REPLY TO IMPROPERLY FILED DOCKET DOCUMENT 163**<br><br>**[FRCP 11(a), 11(b)(2), L. Civ. R. 7-11, 3-4, 11-3 AND 11-4]**<br><br>**Honorable Saundra B. Armstrong**<br>Date ASAP Time ASAP Rm 1 Fl 4 |

**-- ORAL ARGUMENT NOT REQUESTED --**

The Fernando case is STAYED awaiting ruling from Magistrate Cousins who has been apprised 12/2/13 of the entire scenario as it relates to Ms. Trubitsky and the relevant law, rules and State Bar procedures Ms. Trubitsky and Mr. Hicks violate.

Marina Trubitsky has not filed ONE SINGLE document ever that does not violate FRCP 11(a) in that NONE of them bear signatures of a licensed member of the

California Bar, as required by law of allegedly her pro hac vice sponsor, and thus all MUST be stricken including her complaints as filed also as too late to correct.

The declarations Ms Trubitsky claims are from the Rickels and Lacy Reintsma while in this filing do have signatures, are of no import as these parties cannot dismiss California Counsel for out of state counsel not licensed to practice law in California and the court cannot dismiss California Counsel unless they as plaintiffs themselves are dismissed.  See THE STATE BAR OF CALIFORNIA STANDING COMMITTEE ON PROFESSIONAL RESPONSIBILITY AND CONDUCT FORMAL OPINION NO. 1994-134[1]

## ARGUMENT

1. The case is stayed and Ms. Trubitsky as a pro hac vice member of this court allegedly[2] is not allowed to file pleadings without her sponsor's signature, but in this case both members ought to be sanctioned for ignoring also the order of stay.
2. Dkt 163 is a desperate filing to attempt to deflect the reality of Judge Cousins being provided the information he needs to cast a solid ruling to law on her OSC.
3. This second "notice of non-opposition" is a sad bamboozling of those she has convinced to not object to it – that coincidentally leave them with no award in the settlement, and if she has promised them something otherwise from her alleged Attorney fees that would be unlawful and subject her to ethics and criminal issues.

---

[1] http://ethics.calbar.ca.gov/LinkClick.aspx?fileticket=1zWyNtvVULE%3D&tabid=839

[2] This is in doubt as she has failed to meet the requirements to follow the rules and State Bar procedures which allow a pro hac vice admission in a California court.

Reply to improperly filed document 163  
Case 10-cv-01668 SBA

Garrett Skelly  
160 Centennial Way Ste 21  
Tustin, CA 92780

4. These are clients of Garrett Skelly who were never properly represented in this matter by anyone until Garrett Skelly, and unlawful declarations of persons legally and properly represented by California Counsel, under California law cannot be used by out of state counsel not licensed to practice law in California

5. Regardless even, and if, though an attorney has been "discharged," . . . , California law is equally clear that the attorney remains the attorney of record until a substitution of counsel form is filed with the court, or the court has otherwise granted its permission for the attorney to withdraw from the representation. The attorney can still bind his or her client if the other side does not know about the change in counsel. (See Reynolds v. Reynolds (1943) 21 Cal.2d 580, 584 [service of papers on former attorney, after final judgment of divorce, in proceeding to increase support award, held proper]; Sherman v. Panno (1954) 129 Cal.App.2d 375, 379 [notice of entry of judgment for plaintiff, mailed to defendants' former counsel before notice of substitution received by counsel for plaintiff, held effective to start statutory time running on court's power to grant new trial].)

The new attorney will not be recognized by the courts, and his or her acts will be ineffective, unless he or she is substituted as attorney of record or unless the opposing party, by dealing with him or her as an attorney, waives the failure to substitute. (See McMunn v. Lehrke (1915) 29 Cal.App. 298, 307; Davis v. Rudolph (1947) 80 Cal.App.2d 397, 402; In re Marriage of Warner (1974) 38 Cal.App.3d 714, 720 [113 Cal.Rptr. 556].)

There is no California licensed replacement attorney of record; and as this court has previously ruled, non-members of the bar may not represent themselves, in class actions; so these efforts are ineffective and ought to suffer sanctions by the court in addition to striking all the documents submitted solely by Marina Trubitsky which are unsigned by her pro hac vice sponsor as required by law.

Since at the Settlement Conference in February 2013, the subject of the OSC heard March 20, 2013; Ms. Trubitsky had Mr. Hicks discharged, dismissed, or "fired", and she filed documents attesting to same , and it appears Ms. Trubitsky has revoked her own pro hac vice status actually herself discharging and dismissing Mr. Hicks prior to locating new California counsel first.

Ms. Trubitsky suffers some very sophomoric blunders beyond just errors, that a Request for Judicial Notice as Dunkel Dkt 71 bearing an attachment of a closing order by Senior District Judge I. Leo Glasser, tends to indicate Ms. Trubitsky even in New York is less than capable in prosecuting this kind of class action litigation

The documents must not only be denied consideration by the court, they must be stricken from the record per this courts standing order as to documents filed in non-conformity to the law and rules and the courts prior order staying the case..

## CONCLUSION

Sanctions should be issued to Mr. Hicks for not properly supervising and controlling the filings of Ms. Trubitsky as to form and per the courts orders and for failing to bear his signature as having reviewed the documents for proper form and format as the Rules and MCLE of the California State Bar dictate and California Rules of Court 9.40 and Local Civil Rules 3-4, 11-3 and 11-4 adopt.

Respectfully submitted,
Dated: December 4, 2013

Garrett Skelly, Attorney for Interveners
Reginald Burgess, Lacy Reintsma, and Amy and Fred Rickel

Garrett Skelly        (SBN 94895)
160 Centennial Way Ste 21
Tustin, CA 92780
Phone (714) 730-3708
Fax   (714) 730-3708
Email garrettgskelly@aol.com

# CERTIFICATE OF SERVICE

I have this date uploaded this document in the Northern District Electronic Case Filing system with a good receipt and thus all parties who have consented to electronic service will receive notice of this filing by operation of the ECF system. Any parties who have not consented to electronic service will receive a paper copy of this electronically filed document through the United States Postal Service.

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Tustin, California this 4th day of December, 2013

_____
Garrett Skelly, Attorney at Law